24362. ALLISON v. MEDLOCK, Mayor, et al.

ARGUED NOVEMBER 14, 1967—DECIDED JANUARY 18, 1968.

Injunction. DeKalb Superior Court. Before Judge Guess.

*William G. McRae,* for appellant.

*Heard & Leverett, L. Clifford Adams, Jr.,* for appellees.

GRICE, Justice. Dismissal of a complaint seeking an injunction against enforcement of a municipal ordinance prohibiting the operation upon certain of the municipality's streets of any vehicle weighing more than a specified amount produced this appeal. The complaint was filed in the Superior Court of DeKalb County by H. T. Allison, doing business as H. T. Alli-

son Trucking Company, against Randolph Medlock, as Mayor of the City of Stone Mountain, also members of the City's General Council and its Chief of Police. The City was subsequently made a defendant.

The allegations of the complaint, insofar as necessary to recite, are those which follow.

The ordinance in question prohibits, with certain exceptions, operation over named streets of any vehicle whose weight exceeds five tons and prescribes criminal penalties for its violation. Among the exceptions are vehicles owned or operated by the City, public utilities, contractors and materialmen while engaged in the repair, maintenance, or construction of streets, street improvements, or street utilities within the City. The ordinance recites that its purpose is to protect the public safety in the use of the City's streets, to facilitate and expedite traffic, and to protect the streets from unusual wear and damage.

The plaintiff is under contract to stockpile stone on a specified site one mile north of the City by hauling it from a quarry located in that county. Several months previously, he began such hauling and routed his trucks over two streets in the City. His truck drivers were arrested, charged with violating a prior weight ordinance, and required to post bonds before proceeding. That prior ordinance was declared unconstitutional. However, on the following day the Mayor and General Council enacted the ordinance now in question, and declared their intention to arrest and imprison any of the plaintiff's drivers who violate it. Plaintiff has been unable to resume stockpiling the stone except by sending the trucks over a route wholly outside the City, because his drivers have refused to risk prosecution by driving over the prohibited streets and have also refused to drive over the permitted streets due to their inadequacy and the traffic hazards. Consequently, each of plaintiff's trucks must travel 5.2 miles farther than normally on a roundtrip.

Plaintiff avers that he has the right to operate a vehicle upon the highways of this state if it complies with *Code Ann.* § 68-405 (c) (i) (Ga. L. 1941, pp. 449, 450, as amended by Ga. L. 1964, pp. 83, 84), that is, if it does not exceed a gross weight of 73,280 pounds.

He alleges that, for various reasons, the ordinance in question is unreasonable, invalid, and unconstitutional.

He has no adequate remedy at law and will continue to suffer irreparable injury unless the defendants are enjoined from enforcing this ordinance or any ordinance which prohibits the operation on its streets of any vehicle whose gross weight does not exceed 73,280 pounds.

After granting interlocutory injunctive relief against enforcement of the ordinance in question, the trial court ordered that the plaintiff within a stated time post bond of $150,000 payable to the City, conditioned upon payment of all damages to its streets or other public property resulting from the operation of his trucks weighing more than five tons over its streets during the pendency of the suit. The trial court further ordered that if the bond were not posted, the interlocutory injunctive relief should stand dissolved.

Thereafter, the motion of the defendants to dismiss the plaintiff's complaint was sustained.

Enumerated as error are the trial court's (1) requiring such bond, (2) adjudging that the ordinance in question is valid, and (3) dismissing the complaint.

■ The enactment of the ordinance, we conclude, is within the authority which the General Assembly has granted to this municipality, and therefore is not ultra vires.

■ The charter of the City of Stone Mountain (Ga. L. 1929, p. 1309), in addition to conferring general corporate powers to pass such ordinances "as shall appear to them necessary or requisite for preserving or promoting the peace, dignity, health, good order, and welfare" of the City (p. 1347, Sec. 87), specifically provides "that the mayor and council of said city shall have the absolute, full and complete control and supervision of the streets . . . of said city." P. 1327, Sec. 43.

■ Authority for this ordinance also exists by reason of a 1962 statute (Ga. L. 1962, pp. 140, 143; Code Ann. § 69-309 et seq.), which grants certain basic powers to all incorporated municipalities. Section 1 of that Act (Code Ann. § 69-309) states that "It is hereby declared to be the intention of the General Assembly to vest certain general powers in the governing body

of each of the incorporated municipalities of this State, such powers to be in addition to, or cumulative of, those which any municipality may now have under its charter or any other special or general law. . ." Section 5 (*Code Ann.* § 69-313) provides that "In addition to any powers it may now have, any incorporated municipality shall have the authority to regulate and control the use of its streets and public ways. . ."

■ We do not regard it as an attempt to penalize an act declared lawful by the General Assembly or as a special law for which provision has been made by a general law, as urged by the plaintiff.

Both of these arguments are predicated upon *Code Ann.* § 68-405 (c) (i) (Ga. L. 1941, pp. 449, 450, as amended by Ga. L. 1964, pp. 83, 84) and § 68-406 (Ga. L. 1941, pp. 449, 451) which, in prescribing certain limitations for vehicles, declare that it shall be lawful to operate on the highways of the State any vehicle whose maximum total gross weight does not exceed 73,280 pounds. Reliance is also placed upon *Code* § 102-103, which defines the word "highway" as used in statutes, to include streets in a city, unless a different meaning is apparent from the context.

We do not believe that by the enactment of the original 1941 Act and the 1964 amendment, supra, prescribing maximum gross weights of vehicles on highways, the General Assembly intended to withdraw from this municipality the street regulatory charter power granted in 1929, or that conferred cumulatively upon all municipalities by the 1962 Act, supra.

Under that power the municipality was authorized to require trucks of certain weights to travel upon designated streets only. This was merely the establishment of a truck route, not a barring of trucks whose weights complied with the state law. There is thus no conflict between the ordinance and such general law.

■ We find no merit in the contention that the ordinance unlawfully discriminates between local and nonresident users of the streets. Denial of certain streets to the trucks of plaintiff and others similarly situated and permission to use those streets to trucks whose loads are as heavy but which use the streets

in order to work upon them is not an arbitrary classification. Equal protection is not thereby denied.

■ However, according to the allegations of the petition, the streets allowed to vehicles weighing in excess of five tons are unsafe and inadequate, and therefore the ordinance is unreasonable and an abuse of discretion.

The plaintiff alleged that the permitted streets "are narrow, unpaved, and wholly inadequate for use by said trucks without great danger to the drivers, the trucks, the residents on said streets, and other traffic on said streets." He also alleged that the ordinance is unreasonable and void "because it confines the plaintiff's use of his trucks within said municipality only upon streets which are . . . unusable in wet weather, and wholly inadequate to withstand constant use by plaintiff of his trucks. . ."

While it is within the charter and statutory power of this municipality to regulate and control the use of its streets, and thus establish a special route for heavy trucks, the municipality cannot, in the exercise of this power, relegate such trucks to unsafe streets only. This would amount to a denial of the city's streets to such trucks.

The plaintiff is entitled to the opportunity of proving these allegations. For this reason, dismissal of the petition was erroneous.

■ A different result is not to be had because of the general rule that equity will not enjoin prosecution of criminal offenses. See *Code* § 55-102. An exception to this rule is that ". . . when injury to property is threatened . . . injunction will lie notwithstanding the fact that in the process a criminal prosecution is enjoined." *Moultrie Milk Shed, Inc. v. City of Cairo*, 206 Ga. 348, 350-351 (57 SE2d 199). Here, the allegations as to injury to the plaintiff's property bring the situation within the above exception.

■ The issue as to requirement of bond as a condition to the grant of the interlocutory injunction, to indemnify the municipality against damage from operation of plaintiff's trucks over its streets during pendency of the suit, is moot since no such bond was posted.

*Judgment reversed. All the Justices concur.*