**No. 26729**

**Carl Ainsworth, Inc., Cooley Gravel Company, G.L.M. Farms, M.P.M., Inc., Owens Bros. Concrete Co., Specification Aggregates, Inc., Colorado Sand and Gravel Producers Association, and Colorado Motor Carriers Association v. Town of Morrison**

(539 P.2d 1267)

Decided August 5, 1975.                    Rehearing denied September 15, 1975.

Tinsley, Frantz and Fleming, P.C., Albert T. Frantz, Milton Berger, for plaintiffs-appellants.

Lyle E. Miller, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an appeal from adverse rulings in a suit for an injunction to prohibit the enforcement of an ordinance and for a declaratory judgment to determine the validity of the ordinance. The trial court denied relief. We affirm.

The Town of Morrison (Morrison), with a population of 429, initiated and, after an election was held, enacted an ordinance which restricted the use of Stone Street and Mount Vernon Avenue for trucking purposes. The appellants operate gravel pits and quarries and have suffered a financial loss as a result of Morrison's enforcement of the ordinance. Ordinance 117 provides, in pertinent part:

"*Section* 2. No person shall operate or drive a commercial vehicle, truck, bus, or semi-trailer on Mount Vernon Avenue or Stone Street in the

corporate limits of the Town of Morrison which has more than 10,000 pound gross weight."

"*Section* 5. The terms and provisions of this Ordinance shall not apply to any vehicle defined herein which is traveling upon Stone Street or Mount Vernon Avenue to make a local delivery to a home, residence or business within the Town of Morrison or to any vehicle which is driven by a resident of the Town of Morrison traveling to or from his home located within the town limits of the Town of Morrison, nor to a school bus as defined herein, nor to an authorized emergency vehicle."

■ Morrison, in our opinion, was empowered by the Colorado Constitution to adopt the ordinance at issue. Article XIV, section 13 of the Colorado Constitution granted the General Assembly the right to enact laws for the organization and classification of cities and towns and to grant powers to them. The General Assembly, by the enactment of section 31-12-101(20), C.R.S. 1973, placed the general power to regulate the use of streets and other municipal facilities in cities and towns. Ordinance 117 was passed pursuant to the following provisions of section 42-4-410(3), C.R.S. 1973:

"Local authorities, with respect to highways under their jurisdiction, may also, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles on designated highways or may impose limitations as to the weight thereof, which prohibitions and limitations shall be designated by appropriate signs placed on such highways."

■ Since Morrison had the authority to enact the ordinance in question, the central issue in this case is whether the enforcement of the ordinance operates as an unreasonable, arbitrary, and discriminatory exercise of the police power in violation of *U. S. Const.* amend. XIV and *Colo. Const.* art. II, § 25.

It was stipulated, and the evidence established, that both Stone Street and Mount Vernon Avenue lie within Morrison and that both streets are wholly maintained by Morrison. The record reflects that both streets provide convenient connecting links to the state and county roads which give access to the Town of Morrison, but that neither street has been designated as part of the county or state road system. Traffic using County Highway 93, which parallels the Hog Back north of Morrison, can enter Morrison and connect with State Highways 8 or 74. Stone Street, which is approximately 200 feet long and 40 feet wide, bisects Morrison and has been used to obtain access to Mount Vernon Avenue, which intersects County Highway 93.

The appellants haul aggregate from pits and quarries which are located near Morrison. Although the town is located in a valley which is accessible by a number of state and county roads, the most convenient route for the appellants' trucks has been the use of Stone Street and Mount Vernon Avenue. They assert that enforcement of the ordinance has caused them to suffer great inconvenience and to utilize a long and circuitous route, which increases their operating expense. In our view, the ordinance

is constitutional and is not vulnerable to the constitutional infirmities which the appellants assert.

The enactment and enforcement of Ordinance 117 by Morrison was a proper exercise of the police power. The court found that Morrison exercised its police power for protection of the welfare and safety of its residents. *See Ratkovich v. City of San Bruno*, 245 Cal.App.2d 870, 54 Cal.Rptr. 333 (1966); *Skyline Materials, Inc. v. City of Belmont*, 198 Cal.App.2d 449, 18 Cal.Rptr. 95 (1961); *McCammon v. City of Redwood City*, 149 Cal.App.2d 421, 308 P.2d 831 (1957); *Whyte v. City of Sacramento*, 65 Cal.App. 534, 224 P. 1008 (1924); *Crossan v. State*, 281 A.2d 494 (Del.S.Ct. 1971); *Home Laundry Co. v. Louisville*, 168 Ky. 499, 182 S.W. 645 (1916); *Samuel Braen, Inc. v. Waldick*, 28 N.J. 476, 147 A.2d 40, 75 A.L.R.2d 371 (1958). Since there is sufficient evidence to support the findings of the trial court, the findings must be sustained. *See Thornton v. City of Colorado Springs*, 173 Colo. 357, 478 P.2d 665 (1970); *City of Colorado Springs v. Grueskin*, 161 Colo. 281, 422 P.2d 384 (1966).

The ordinance was enacted after the traffic count of trucks using Mount Vernon Avenue and Stone Street had reached 1,400 per day. The residents of Morrison complained about the noise, vibration, and pollution which the heavy truck traffic caused and initiated the ordinance. The trucks which used the two streets were approximately 45 feet long, weighed 40,000 pounds empty, and 80,000 pounds loaded with gravel. The record establishes that traffic hazards were created by the trucks when they left the state or county highway system and entered the residential area which the two streets served. A history of accidents attributable to the use of the two residential streets by trucks was also shown by Morrison during trial. Evidence was produced to show that Morrison's street maintenance costs more than doubled as a result of truck traffic on the two streets.

Ordinance 117 did not deny any vehicle or truck access to any point beyond Morrison and did not attempt to place any restriction on state or county roads within Morrison. It is also noteworthy that the four alternate routes are available to truckers.

The convenience and business interests of the appellants does not compel Morrison to ignore the welfare of its residents. In *McCammon v. City of Redwood City, supra*, quoting *Whyte v. City of Sacramento, supra*, the California Court of Appeals analyzed the problem in a similar case and said:

"'It is true that the plaintiffs and all others whose motor truck freight business comes within the terms of the ordinance will, by reason thereof, be subjected to more or less inconvenience and perhaps some extra expense. But, in the enforcement of nearly all regulatory provisions of police enactments there are added burdens or inconveniences. To these, when not so unreasonable as to be unnecessarily burdensome, all citizens must yield for the general or common good. The incidental and necessary burdens

and inconveniences of the regulations do not of themselves render the regulation unreasonable. Nor will the extra expense which obedience to the terms of the ordinance may entail upon those whose business falls within the purview thereof itself stamp the ordinance as unreasonable.' . . .

"In the instant case, as we have pointed out, appellants' trucks are not prevented from delivering to any point inside or outside of Redwood City. It is simply that the hauling distance to any point in the general area which is east, south or north of the quarry is thereby increased and results in increased expense. The reasonableness of the ordinance is based upon two factors, light construction of the streets so restricted and the traffic hazard through the residential district involved. In keeping with the principles stated in the Whyte case, supra, we hold that the ordinance is a valid exercise of the police power and the statutory authority conferred by [statute]."

■ Appellants also challenge the constitutionality of the ordinance on the ground that certain exceptions in the ordinance constitute unreasonable and discriminatory classifications. Exceptions in the ordinance permit trucks to use Stone Street and Mount Vernon Avenue for the purpose of making local deliveries and for residents to get to and depart from their homes. In our view, these exceptions do not vitiate the ordinance. These exceptions are rationally and reasonably related to the express purpose for the enactment of the ordinance — to reduce wear, maintenance costs, noise, and pollution in a residential area and to protect public health, safety, and welfare. We cannot conclude that the exceptions to the general regulatory scheme violate the appellants' rights to equal protection of the law. *McCammon v. City of Redwood City, supra; Allison v. Medlock*, 224 Ga. 37, 159 S.E.2d 384 (1968).

We conclude that Morrison had statutory authority to enact Ordinance 117 and that the enforcement of the ordinance was not an arbitrary and discriminatory exercise of the police power. Ordinance 117 passes constitutional muster and does not violate the appellants' rights to due process or equal protection of the laws.

The judgment of the trial court is affirmed.