24736, 24737. MEDLOCK, Mayor, et al. v. ALLISON; and vice versa.

ARGUED JULY 9, 1968—DECIDED OCTOBER 10, 1968.

*Heard & Leverett, L. Clifford Adams, Jr.,* for appellants. *William G. McRae,* for appellee.

DUCKWORTH, Chief Justice. On the former appearance, *Allison v. Medlock*, 224 Ga. 37 (159 SE2d 384), we ruled only on pleadings, and the meat of that decision is the ruling on page 41 as follows: "The plaintiff is entitled to the opportunity of proving these allegations. For this reason, dismissal of the petition was erroneous." The allegations referred to were that the permitted streets were narrow, unpaved, wholly inadequate for use by trucks without great danger to the drivers, the trucks, the residents and other traffic, and that the ordinance is void because it confines the plaintiff's use of his trucks within said municipality only upon streets which are *unusable* in wet weather, and wholly inadequate to withstand constant use by plaintiff of his trucks. This appeal is a review of the trial on evidence.

It was ruled on the former appearance that a municipality has the power to require trucks of certain weight to travel only designated streets. At p. 39 we stated, "The enactment of the ordinance, we conclude, is within the authority which the General Assembly has granted to this municipality, and therefore is not ultra vires." It was further held (p. 40): "We find no merit in the contention that the ordinance unlawfully discriminates between local and nonresident users of the streets." These rulings fix the law of the case, and we will now consider the case by taking into consideration our previous ruling. There is nothing in *Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 239, 240) that conflicts with this ruling, whether or not the attempt there to abolish the "law of the case" in the trial courts is valid. The issue of the validity of the ordinance was there made and decided, and this court will not consider it again even if amended pleadings seek again to attack its validity.

Our ruling now will be confined to the evidence to determine if it demanded a different judgment. The evidence must be weighed in the light of the law applicable when a decision is made as to the validity of an ordinance. That law is that courts must uphold it, if any conceivable circumstance could justify it. *Borough of Atlanta v. Kirk*, 175 Ga. 395 (165 SE 69); *Gardner v. City of Brunswick*, 197 Ga. 167 (28 SE2d

135); *Hamilton v. North Ga. Elec. &c. Corp.*, 201 Ga. 689 (40 SE2d 750); *Ashley v. City of Greensboro*, 206 Ga. 800 (58 SE2d 815). In the category of such circumstances come safety, congestion, business operations, noise, fumes, and similar circumstances as disclosed by the evidence here. There was evidence showing poor conditions of the streets—that they were narrow and partly unpaved, but passable and usable although in some places vehicles going in opposite directions could not pass—yet the uncontradicted evidence shows that to allow such heavy trucks on the main street would create a traffic hazard, interfere with customers reaching stores, create noise and generally disrupt the orderly conduct of business along the main street of the town, which has only a few streets. Granted that the evidence showed inconvenience and inadequate streets for the trucks to use, but it also showed adequate county roads or streets were available with only 2.1 extra miles of travel in almost the same time to completely by-pass the town. Certainly this does not show irreparable harm and injury to the petitioner. In these circumstances, the city was not only authorized but had a duty to exclude these trucks from this street. Accordingly, it was an abuse of discretion to enjoin the city from enforcing the ordinance.

*Judgment reversed on the main appeal; cross appeal affirmed. All the Justices concur.*