## 45240. D. H. OVERMYER COMPANY, INC. v. JOE SUMMERS ROOFING COMPANY, INC.
## 45241. D. H. OVERMYER COMPANY, INC. v. TIPPENS.

EVANS, Judge. 1. On the first appearance of these cases (*D. H. Overmyer Co. v. Summers Roofing Co.,* 120 Ga. App. 188

(169 SE2d 821); *D. H. Overmyer Co. v. Tippens,* 120 Ga. App. 190 (169 SE2d 822)), the law of the case was established that the evidence submitted on the motions for summary judgment was insufficient to show the absence of any genuine issues of material fact, this court holding that it was "incumbent upon plaintiff to support the motion[s] with evidence showing that in fact *there was no mistake* or *that the mistake[s] was [were] made under circumstances in which it [they] would not afford a defense."* Code Ann. § 81A-160(h) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240); *Medlock v. Allison,* 224 Ga. 648, 649 (164 SE2d 112). Thereafter the appellees moved for their second summary judgment based upon the same evidence and certified copies of the answers in the suits settled by the settlement contracts between the parties hereto.

2. The appellees, apparently based on the language of this court in the above cases, that the evidence on the first appearance did not show "the claim in the former proceeding was disputed in whole or in part" and "did not show there was a dispute as to the particular amount of the claim in controversy," sought by the additional evidence to show the original disputes by and between the parties arose out of litigation involving work performed under contracts to improve realty, seeking general and special judgments thereon. The appellants denied that the plaintiffs performed and completed said work in a proper manner and that deficiencies and omissions resulted with respect to essential and necessary components thereof, and that same was not in substantial compliance with the contractual obligations. The parties settled said cases by executing the settlement contracts which required (1) the payment of sums of money to the appellees (subcontractors), (2) promissory notes for additional amounts, and (3) release of liens on the property and dismissal of the suits with prejudice. The appellants (defendants) now answer that the settlement contracts were based on a mistake of the parties as to the amounts due and filed counterclaims for overpayments which were erroneously and inadvertently paid under the contracts. The additional evidence submitted here (answers of the defendants showing the dispute of the parties by the denial of the amounts claimed) fails to show "there was no mistake" or "the mistake was made under circumstances in which it would not afford a defense."

The motions for summary judgment were improperly granted. *Judgments reversed. Hall, P. J., and Deen, J., concur.*

ARGUED APRIL 13, 1970—DECIDED MAY 26, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Malcolm H. Ringel, H. A. Stephens, Jr.,* for appellant.

*Grizzard, Jones, Parker & Simons, Richard L. Parker,* for appellees.