### 29408. GUERIN v. WEBSTER et al.

NICHOLS, Chief Justice.

This appeal is from the grant of an interlocutory injunction.

Garah L. and Jean Webster filed an action for damages, temporary restraining order, and permanent injunction against Richard Guerin, doing business as Star's Great Western Laundromat.

Both parties are lessees of property in the Sage Hill Shopping Center, and both operate dry cleaning establishments. The Websters assert that under the restrictive covenant in their lease with the common lessor of both parties, Guerin is illegally competing with them by performing services which are prohibited under the terms of his lease.

After hearing evidence, the trial judge temporarily enjoined Guerin from using the premises occupied by him for any purpose except those expressed in his lease, as the uses specified are construed by the court under the evidence.

On December 1, 1972, the common lessor of the parties entered into a lease agreement with Star Distributing Company which restricted the use of the

premises to "coin operated laundry, coin dry cleaning and budget dry cleaning center."

On June 1, 1973, the Websters entered into a lease agreement with the common lessors of the parties which specified the use of the premises to be "for dry cleaning purposes either professional only not coin operated and/or commercial laundry (not coin operated) and allied services such as hat renovating, reweaving, etc. and no other . . ."

The Webster lease contained the following restriction: "So long as this lease shall remain in effect, lessor agrees that he will not permit any other real estate of his within a one-mile radius of these premises to be utilized for dry cleaning and will not engage in or participate in any venture, either directly or indirectly, whereby other premises within a one-mile radius are utilized for such purposes. This restriction shall in no event apply to the lease with Star Distributing Company, Inc. The lessee hereby recognizes the lease with Star Distributing Company, Inc., and the fact that the use clause of said lease states that Star Distributing Company, Inc. will use the space for 'coin operated laundry, coin dry cleaning and budget dry cleaning center.' "

On August 14, 1973, the Star lease was assigned to Guerin, the assignment containing the statement that: "It is clearly understood by the parties hereto that it is the intention of the assignees to operate a coin operated laundry upon the premises . . ."

After the Websters had been in operation several months, Guerin opened his business. There is no dispute in the evidence that, in addition to having coin operated cleaning and laundry facilities, Guerin performed pressing and other services for his customers. Webster notified Guerin that he was violating the terms of his lease, but Guerin refused to cease performing these services.

1. The first contention of the appellant (Guerin) is that the appellees (the Websters) have no standing to enforce the terms of the appellant's lease.

This contention is without merit under the principles announced in *Rosen v. Wolff,* 152 Ga. 578 (110

SE 877), which case has been cited by this court in numerous cases. In the *Rosen* case a lessor leased certain premises to a bakery company and limited the use to that of a bakery. Subsequently, the lessor leased adjoining premises to Wolff, and in the lease agreement covenanted that it would not lease any property in the described immediate area for the sale of men's and boys' hats, caps and other furnishings. Thereafter, the bakery company subleased its leased premises to Rosen. Wolff sought to enjoin Rosen from operating therein a store for the sale of men's and boys' clothing and other commodities. This court held that the lessor's covenant in Wolff's lease was a restrictive agreement affecting the premises leased to Rosen, and that if Rosen leased the premises with notice of the covenant, he would be required to abide by the covenant. It was pointed out that the restriction in the lease that the premises sublet by Rosen could not be used for any purpose but a bakery was sufficient to put him on inquiry as to the restrictive agreement of the lessor contained in the lease with Wolff.

In the present case the Star lease restricted the use of the leased premises to "coin operated laundry, coin dry cleaning and budget dry cleaning center." This lease was incorporated in the assignment to the appellant, and the assignment stated that it was the intention of the parties that the premises were to be used for a coin operated laundry. The restrictive language in the lease assigned to the appellant put him on notice to inquire into the terms of the lease of the appellees to premises in the same shopping center. Such inquiry would have led the appellant to knowledge of the restrictive agreement by the lessor.

The trial judge, therefore, did not err in holding that the appellees had standing to enforce the restrictive agreement of the lessor against the appellant.

2. The second contention of the appellant is that the appellees' lease expressly exempted the Star lease (later assigned to the appellant) from the covenant in the appellees' lease. The language relied on is that contained in the Webster lease, previously quoted in the statement of facts.

Reasonably construed, this language means that the

Star lease is excepted from the restrictive covenant only as to the uses specified in it.

3. The final contention is that the evidence did not support the issuance of the interlocutory injunction.

The evidence was in conflict as to the meaning in the dry cleaning profession of the words "budget dry cleaning center." The trial judge was authorized to find from the expert testimony introduced that "budget dry cleaning center" did not include the services which he enjoined the appellant from performing.

*Judgment affirmed. All the Justices concur.*

Argued January 16, 1975 — Decided January 28, 1975.

*Cohen, Trauner & King, Kevin S. King,* for appellant.
*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellees.