## 56064. KING v. MASSON.

SHULMAN, Judge.

After learning that appellant-mayor called appellee (a radio operator employed in the city police department) a "dope addict" and stated appellee was "on drugs," appellee commenced an action against the City of Mountain View and appellant to recover damages for slander. This appeal is from a judgment entered on a jury verdict against appellant in the amount of $15,000 actual

and $20,000 punitive damages. We affirm the judgment.

1. There is a sharp conflict in the evidence as to the events precipitating the alleged slander. The mayor testified that an employee in the police department reported overhearing appellee state that she often smoked marijuana while on duty. This testimony was corroborated by the employee. Appellee denied making any such statement and denied having ever used illegal drugs of any kind. Appellee produced three witnesses (the chief of police, the police commissioner, and appellee's husband), each of whom testified to the allegedly slanderous statements made by the mayor. Appellant argues that the testimony of these witnesses was insufficient to establish actionable slander and that the trial court erred in denying appellant's motion for directed verdict on that basis. We disagree.

A. The unrefuted evidence shows that some of the allegedly slanderous statements, if made, were made at a conference scheduled at the request of appellee's husband with appellee's consent. The purpose of the conference was to discuss alleged accusations made by the mayor against appellee. We agree with appellant that this cannot constitute the requisite publication to form the basis for actionable slander.

"While the alleged libel was not made to the plaintiff, it was communicated to one whom [she] had appointed to represent [her] in ascertaining from the defendant his excuse for not reemploying the plaintiff. The obvious purpose of the appointment was to have an intercession in behalf of the plaintiff and to overcome any objection or excuse that might be offered by the defendant. . .[T]he desired intercessor in fact approached the defendant on behalf of the plaintiff. In so doing he was manifestly acting as agent of the plaintiff, [her] alter ego and [her] 'ears'. . . . Assuming but not conceding that the [statement was] not privileged, if malicious, as charged by the plaintiff. . .there was no actionable publication. Under the maxim 'Volenti non fit injuria' (meaning that to which a person assents is not in law an injury), the plaintiff cannot complain where, as here, it is shown that [she] in fact invited or brought upon [her]self what [she] claims is a defamation, made to one who had been placed, as it were,

in [her] own shoes." *Beck v. Oden,* 64 Ga. App. 407, 411 (13 SE2d 468).

B. The alleged statements to the police commissioner and the chief of police stand on a different footing, however. Even conceding, as appellant asserts, that the statements were privileged within the meaning of Code Ann. § 105-709 (1) (but see *Brown v. McCann,* 36 Ga. App. 812 (138 SE 247) holding that the defense of privilege is usually a jury question), it does not follow that a directed verdict was in order.

"[T]his privilege may be lost when the official acts wilfully, corruptly, or maliciously. [Cit.]" *McKinnon v. Trivett,* 136 Ga. App. 59, 62 (220 SE2d 63). See also *Goolsby v. Wilson,* 146 Ga. App. 288 (246 SE2d 371). It was a jury question whether "the privilege was used merely as a cloak for venting private malice, and not *bona fide* in promotion of the object for which the privilege is granted. . ." *Pearce v. Brower,* 72 Ga. 243 (b). See generally *DeLoach v. Maurer,* 130 Ga. App. 824 (3) (204 SE2d 776).

The trial court properly denied appellant's motion for directed verdict which was made on the grounds that the mayor's alleged statements were privileged and therefore not actionable.

2. Appellant's contention that the trial court erred in excluding the results of a polygraph test given to appellee is not meritorious.

As there was no express stipulation of the parties that the results were admissible, the trial court properly sustained appellee's objection to the admission of this evidence. *State v. Chambers,* 240 Ga. 76 (239 SE2d 324). See also *Wallace v. Moss,* 121 Ga. App. 366 (1) (174 SE2d 196) making rule applicable in civil action.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 23, 1978 — DECIDED NOVEMBER 14, 1978 — REHEARING DENIED NOVEMBER 28, 1978 — ■

*Wesley R. Asinof,* for appellant.

*McAllister & Roberts, J. Dunham McAllister,* for appellee.