57316. JACKSON v. DOUGLAS COUNTY ELECTRIC MEMBERSHIP CORPORATION.

SHULMAN, Judge.

Upon discovery of evidence that the electric meter located at appellant's premises had been tampered with on three consecutive months, appellee demanded that appellant either pay a $40 penalty/investigation fee or face termination of electrical service. Appellant, after paying $40 to appellee, brought this action to recover the $40, plus damages for libel and tortious misconduct. On appeal from the grant of summary judgment in favor of the defendant corporation, we affirm.

1. Count 1 of appellant's complaint sets forth a claim for libel and slander. As the grant of summary judgment is

not erroneous for any reason assigned by appellant, we affirm the trial court as to this count.

A. A certified letter mailed by appellee to appellant informing him that appellee had discovered evidence that the electric meter located on appellant's premises had been tampered with (which letter also noted that tampering is a criminal offense), and certain remarks made by an employee of appellee in reference to appellant at a conference concerning the tampering, form the basis of Count 1. Assuming, without deciding, that both the letter and the remarks were libelous or slanderous in their nature, no actionable libel or slander appears. This is so because appellant has failed to present evidence of publication.

Statements allegedly made by appellee's employee in the presence of appellant's wife at a conference scheduled at appellant's request for the purpose of discussing the tampering cannot support an action for slander. *King v. Masson,* 148 Ga. App. 229 (1A) (251 SE2d 107). Similarly, a certified letter addressed to appellant and read by appellant's wife with appellant's consent cannot form the basis of actionable libel. *McFarlan v. Manget,* 179 Ga. 17 (4) (174 SE 712). The exhibition of this letter to a corporate employee whose duties included the supervision of customer accounts, and who in fact participated in the above-mentioned conference, does not constitute the publication requisite to actionable libel. *Central of Ga. R. Co. v. Jones,* 18 Ga. App. 414 (89 SE 429); *King v. Schaeffer,* 115 Ga. App. 344 (5) (154 SE2d 819), affd. 223 Ga. 468 (155 SE2d 815); *LuAllen v. Home Mission Bd. of the Southern Baptist Convention,* 125 Ga. App. 456 (188 SE2d 138). As appellant failed to produce legally sufficient evidence of publication, summary judgment was proper as to this issue.

B. On appeal, appellant does not address the reimbursement issue contained in Count 1. As the claim does not appear to be insisted upon, it is deemed abandoned.

2. Count 2 of appellant's complaint, although denominated on appeal as a claim for "intentional infliction of emotional distress," only presents the issue of tortious misconduct. See in this regard *Sowell v. Douglas*

*County EMC,* 150 Ga. App. 520. Specifically, appellant complains that the defendant's entire course of conduct (i.e., the certified letter, the conference, the defendant's attitude, the alleged accusations and unjustified assumptions) gives rise to his claim for relief. We must take issue with appellant's position.

Appellant's own depositions show that appellant was not treated disrespectfully by defendant's employee and that appellant was never accused of wrongdoing. Apparently, appellant's suit is premised on humiliation allegedly resulting from appellee's actions in insisting that appellant pay costs arising from tampering, when appellant denied culpability, responsibility, or knowledge of that tampering. The court properly held that this alleged conduct was legally insufficient to support an action for tortious misconduct. See, e.g., *City Stores Co. v. Henderson,* 116 Ga. App. 114 (3) (156 SE2d 818); *Miller v. Friedman's Jewelers,* 107 Ga. App. 841 (131 SE2d 663); *Sowell v. Douglas County EMC,* supra.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*