## 35302, 35303. WEBSTER et al. v. STAR DISTRIBUTING COMPANY, INC.; and vice versa.

PER CURIAM.

This appeal is the third appearance before us of this lawsuit concerning restrictive covenants in shopping center leases. The facts have been set forth in the two previous appeals: *Guerin v. Webster,* 233 Ga. 521 (212 SE2d 352) (1975), and *Webster v. Star Distributing Co.,* 241 Ga. 270 (244 SE2d 826) (1978).

The trial court action from which this appeal was taken was a jury trial on questions of damages and certain rulings by the trial court on equity matters. The jury returned a verdict of some $9,000 damages for the Websters against Star for Star's breach of the restrictive covenant in its lease. The jury also found for the Websters on Star's counterclaim which asserted that the Websters had breached their own lease. Additionally, the trial court made fact findings on certain equitable issues which it had reserved for its own determination. The court found both parties in violation of their leases, and enjoined certain operations of both. Both appeal, but neither appeals the jury verdict on either the main claim or the counterclaim.

The key to the outcome of the appeal by the Websters in No. 35302 is that in *Webster v. Star Distributing Co.,* supra, the second appearance of the case, this court ruled in effect that doing "drop-off" laundry was a "commercial laundry operation." 241 Ga. at 273. The trial court found that the Websters were doing a "drop-off" laundry business, and so stated in its findings of fact. It follows that this was a commercial laundry operation which is an acceptable operation under the Websters' lease. See *Guerin v. Webster,* supra, 233 Ga. at 522. Consequently,

when the *Webster v. Star Distributing Co.* decision was remanded to the trial court for further proceedings, that court, upon finding the facts as it did, erred in ruling that the Websters' operation was impermissible under their lease: the law of the case, Code Ann. § 81A-160(h), was that it was permissible.

Additionally, the jury found for the Websters on Star's counterclaim asserting that the Websters had violated their lease. For this reason also the trial court erred in finding that the Webster's operation violated the restrictive covenant in their lease.

Consequently, the trial court erred in entering its conclusion of law No. 1 (finding that the Websters' operation violated their lease), and in entering paragraph 1 of the judgment and decree, enjoining certain of the Websters' methods of operation.

In Star's appeal, No. 35303, a preliminary issue concerns what the appeal encompasses. In a reply brief, Star asserts that its notice of appeal should be construed broadly enough to allow it to contest the validity of the jury verdict as well as the rulings of the court on equity issues. However, even in the reply brief, Star omits to challenge the verdict expressly. The notice of appeal itself refutes Star's argument. It specifically stated: "Notice is hereby given that Star . . . hereby appeals . . . from the 'Judgment and Decree by the Court' portion of the 'Judgment on Verdict and Judgment and Decree by the Court,' dated March 9, 1979 . . ." In its order, the trial court gave judgment in damages on the verdict in a section titled "I. Judgment on the Verdict," then discussed injunction issues in a section titled "II. Judgment and Decree by the Court." From the time the notice of appeal was filed on April 16, 1979, until Star's reply brief, dated October 2, 1979, there was nothing whatever of record indicating that the jury verdict was anything other than final, and even the reply brief is equivocal. Of course, Star is protected by an unappealed verdict to the extent that it sets a ceiling on the amount of damages Star can be compelled to pay. We rule that Star has not appealed from the jury verdict.

Star's appeal raises seven enumerations of error, and we find none to be meritorious. The first three

enumerations of error involve allegations that the Websters were violating their own lease. The jury found no violations by the Websters and that verdict on the counterclaim is not challenged on appeal. Consequently, those enumerations present nothing properly for decision. Enumeration of error 4 is patently without merit. Numbers 5, 6 and 7, concerning the Websters' cause of action, the sufficiency of the proof of damages, and a jury charge, present nothing for decision since the jury award for the Websters on the main claim is not appealed from.

The judgment on the verdict is affirmed. In the judgment and decree by the court, the findings of fact by the court are unchallenged; the conclusion of law No. 1 is erroneous and is hereby stricken. Conclusion of law No. 2 is correct and is affirmed. In the judgment and decree as to equitable relief, paragraph 1 is erroneous, and the judgment therein entered is reversed. Paragraph 2 is correct, and the judgment therein entered is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED OCTOBER 9, 1979 — DECIDED NOVEMBER 21, 1979 — REHEARING DENIED DECEMBER 18, 1979.

*Floyd E. Siefferman, Jr.,* for appellants.
*Glenville Haldi,* for appellee.