60834, 60916. SIGMON v. WOMACK et al.; and vice versa.

CARLEY, Judge.

On December 28, 1978, appellant-Sigmon was discharged from her employment with the appellee-Harris Teeter Supermarkets, Inc. (Harris Teeter) by her supervisor, appellee-Womack. Apparently the main factor in the decision to terminate Sigmon was the administrative, accounting and bookkeeping problems which resulted from her failure to follow company policy regarding the disposition of certain company funds into the appropriate account

and to submit the requisite paperwork concerning the disposition of those funds. A written memorandum of her termination was made by Womack, containing the following information: "REASON FOR SEPARATION: Failure to follow company policy in handling company funds . . . WOULD YOU RECOMMEND FOR REHIRE? No. WHY? Mishandling of company funds." Subsequently Sigmon instituted the instant libel action, alleging that Harris Teeter had "expressly approved and authorized" the termination notice, that the information contained therein was "malicious and untrue," and that Womack had published the notice to others. The jury returned a verdict for Sigmon and awarded her actual and punitive damages. Harris Teeter and Womack moved alternatively for judgment n.o.v. or new trial. The trial court granted the motion for judgment n.o.v. but denied the motion for new trial. In the main appeal Sigmon seeks reversal of the order granting the motion for judgment n.o.v. In the cross appeal Harris Teeter and Womack urge that their motion for new trial was erroneously denied.

1. Analysis of the merits of the main appeal must begin with the precept that the motion for judgment n.o.v. should have been denied if, construing the evidence most favorably for Sigmon, there was even slight evidence to support the verdict in her favor. *Womack v. St. Joseph's Hospital,* 131 Ga. App. 63 (205 SE2d 72) (1974). Therefore, the issue presented for resolution is whether there was any evidence that Harris Teeter and Womack libeled Sigmon.

"A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." Code Ann. § 105-701. Whether in the context of the notice in its entirety the statement that Sigmon would not be rehired because of "mishandling of company *funds*" was a libel was for the jury. Since Sigmon was terminated for failure to follow *company policy* with regard to the administrative *disposition* of certain company funds and the filing of *paperwork* relevant thereto but not for any criminality with reference to the funds themselves, the jury was authorized to find the notice libelous of Sigmon. Cf. *Park & Iverson v. Piedmont & Arlington Life Ins. Co.,* 51 Ga. 510 (1874). However, our careful study of the transcript demonstrates that there was no evidence to authorize a finding that the notice was published and that Sigmon, therefore, failed to show any actionable libel. *Jackson v. Douglas County Elec. Membership Corp.,* 150 Ga. App. 523 (1) (258 SE2d 152) (1979). See also *Garrett v. Lockheed Aircraft Corp.,* 98 Ga. App. 443 (106 SE2d 333) (1958).

That Womack, the author of the termination notice, read it to

Sigmon in the presence of the co-manager of the store who had general supervisory authority does not constitute publication. *LuAllen v. Home Mission Board,* 125 Ga. App. 456 (188 SE2d 138) (1972); *Jackson v. Douglas County Elec. Membership Corp.,* 150 Ga. App. 523, supra. Nor does the fact that in filling out an application Sigmon herself informed a prospective employer that she was terminated by Harris Teeter for *"misappropriation* of company funds" constitute a publication of a libel by her former employer. In this regard Sigmon libeled herself by her own voluntary action. See *Jackson,* 150 Ga. App. 523, 524, supra. Compare *Colonial Stores, Inc. v. Barrett,* 73 Ga. App. 839 (38 SE2d 306) (1946). Nor does the evidence show that a libel was published when, in response to Sigmon's application, the prospective employer called the home office of Harris Teeter and was told she had been discharged for "misappropriation" of funds. There was absolutely no evidence that this information imparted to the prospective employer over the telephone was the oral publication of a written libel. Compare *Garren v. Southland Corp.,* 235 Ga. 784 (221 SE2d 571) (1976). The phrase *"misappropriation* of company funds" appears nowhere on the termination notice and, on cross examination, the prospective employer expressed a lack of certainty as to what was even said to him concerning Sigmon's discharge. At most then what was shown by this witness' rather equivocal testimony was a slander against Sigmon by some unidentified employee at Harris Teeter's home office. However, there was no evidence that Harris Teeter expressly directed or authorized the unidentified agent to make the allegedly slanderous statement to Sigmon's prospective employer. *Garren v. Southland Corp.,* 237 Ga. 484 (228 SE2d 870) (1976). Therefore, a verdict against Harris Teeter cannot stand under this theory of defamation. *Ga. Power Co. v. Busbin,* 242 Ga. 612, 615 (4) (250 SE2d 442) (1978).

We thus come to the crux of the publication question — whether evidence concerning actions taken by Womack with regard to the termination notice while it was in his control authorized the jury to find a libel had been published. That Womack merely left the notice unattended on his desk in his office does not, standing alone, constitute publication. "A libel is published as soon as it is *communicated to any person* other than the party libeled." (Emphasis supplied.) Code Ann. § 105-705. *Rives v. Atlanta Newspapers,* 220 Ga. 485 (139 SE2d 395) (1964), relied upon by Sigmon, is not authority to the contrary. The issue in *Rives* was venue in a suit for newspaper libel under Code Ann. § 105-703 and, in this context only, the court held that, for purposes of determining where the "tort originated," ". . . whether or not [the newspaper] is read is immaterial once it is shown that it was exposed to public view." *Rives,*

220 Ga. at 488. See *Carroll City/County Hospital Auth. v. Cox Enterprises,* 243 Ga. 760 (256 SE2d 443) (1979), on remand, 152 Ga. App. 584 (263 SE2d 551) (1979). The holding in *Rives* does not, however, dispense with the requirement that before there can be a *recovery* for libel under *Code Ann. § 105-701* there must be communication "to any person other than the party libeled." Code Ann. § 105-705.

"In order to effect the publication of a libel there must be a reading of it. *Not only that, there must be an understanding of its meaning by the person reading it* . . . Since the gravamen of civil libel is injury to reputation, where the evidence demands a finding that the libel was not read by those to whom it was alleged to have been communicated, and there is no evidence authorizing an inference that it was communicated to anyone else who read it, or will be presumed to have read it, the case must fall." (Emphasis supplied.) *Allen v. American Indem. Co.,* 63 Ga. App. 894, 895-896 (12 SE2d 127) (1940). "It is not enough that the language used is reasonably capable of a defamatory interpretation if the recipient did not in fact so understand it." Restatement of the Law, Torts 2d, § 563, Comment c, p. 163. In the instant case, the only witness who testified that she saw the termination notice in Womack's office during his absence also testified that she did not read it. While this witness also states that someone else "had read" the notice, this alleged reader was not called to testify nor was the absence of the reader explained. Thus, even assuming the evidence authorized a finding that the notice was read by someone, there was no evidence that it was "communicated" to this sole reader in a sense libelous to Sigmon. "The plaintiff has the burden of proof on the question of the publication of the defamatory matter. To satisfy this burden, it is necessary that he show not only that the defendant spoke or wrote or otherwise prepared the defamatory matter or made it available to a third person, but also that the third person understood its significance." Restatement of the Law, Torts 2d, § 613, Comment d, p. 308. While, as we have held above, the jury was authorized to find that the notice was libelous, they were not authorized to find appellees "published" that libel unless there was evidence that it was read and so understood by a third party. This not being a case "where the nature of the publication will authorize or possibly demand a finding that it was read and understood by someone, such as a publication in a newspaper or magazine, or the posting of it in a private place, etc." the absence of evidence that anyone read the notice and understood it in a libelous sense is fatal to Sigmon's claim. *Allen v. American Indem. Co.,* 63 Ga. App. 894, 896, supra.

There being no evidence that appellees published a libel of

Sigmon, a verdict in their favor was demanded and it was not error to grant them judgment n.o.v.

2. The cross appeal is mooted by disposition of the main appeal for the reasons stated in Division 1. However, we take the opportunity to clarify what is apparently a misconstruction by cross appellants of Code Ann. § 81A-150 (c) (1). Cross appellants merely urge that the trial court erred in denying the motion for new trial because the order failed to make findings of fact and conclusions of law. Cited in this regard are: *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360 (214 SE2d 425) (1975); *McConnell v. Brenau College,* 135 Ga. App. 711 (218 SE2d 464) (1975); *Nat. Bank of Ga. v. Refrigerated Transport Co.,* 143 Ga. App. 661 (239 SE2d 551) (1977). See also *Nat. Bank of Ga. v. Refrigerated Transport Co.,* 147 Ga. App. 240 (248 SE2d 496) (1978). The merits of individual grounds of their motion for new trial are not argued, cross appellants merely urging that the case be remanded for entry of a new order making findings of fact and conclusions of law on each of the grounds of the motion.

Code Ann. § 81A-150 (c) (1) requires only that, if the motion for judgment n.o.v. is granted, "the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and *shall specify the grounds* for granting or denying the motion for the new trial." This statute does *not* require the trial court to make findings of fact and conclusions of law. "Findings of fact and conclusions of law are unnecessary on decisions of motions under section 81A-112 or 81A-156 or any other motion except as provided in section 81A-141 (b)." Code Ann. § 81A-152 (a). An alternative motion for new trial under Code Ann. § 81A-150 does not come within the exception to the mandate of Code Ann. § 81A-152 that findings of fact and conclusions of law are "unnecessary." In our opinion, the cases cited by cross appellants merely stand for the proposition that findings of fact and conclusions of law *comply* with the "specification" requirement of Code Ann. § 81A-150 (c) (1). Those cases do not, however, stand for the proposition that findings of fact and conclusions of law are *demanded* when the trial court rules on the alternative motion for new trial after having granted the motion for judgment n.o.v.

Where, as here, the alternative motion for new trial is denied "upon the grounds enumerated in [the] amended motion for a new trial . . ." the grounds for denying the motion are "specified" within the meaning of Code Ann. § 81A-150 (c) (1). The cross appellants were put on notice that the trial court had considered and rejected *every* ground raised in their motion. To hold that the case should be remanded for entry of a new order enumerating a separate denial for each ground urged would put form over substance and impose upon

the trial judge a duty not required by the statute.

*Judgment in Case No. 60834 affirmed. Case No. 60916 dismissed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 6, 1981 — REHEARING DENIED MARCH 18, 1981 —

*Archie L. Gleason,* for appellant.
*Elizabeth C. Calhoun, William C. Calhoun,* for appellees.