61336. GEORGIA POWER COMPANY et al. v. BUSBIN.

POPE, Judge.

This action was brought by a former employee against Georgia Power Company and two supervisors. A jury verdict was returned against all the defendants jointly for libel and against the two supervisors for slander and for wrongful discharge from employment.

The employee, Busbin, was the local manager of the Georgia Power office in Homerville. He was fired but was later allowed to resign after a company audit revealed certain discrepancies in respect to the operation of the office. Busbin's district and regional supervisors concurred in this decision to terminate Busbin. After securing the resignation, the two supervisors met with other Georgia Power employees in Waycross to review the findings of the various audits conducted in the Georgia Power offices in that region. Several days after the meeting an employee of Georgia Power went by Busbin's house in Homerville during the workday and discussed the Waycross meeting which the employee had attended. This discussion was held in the presence of Busbin and his wife. Busbin subsequently

initiated a suit against Georgia Power and the two supervisors which resulted in a jury verdict and judgment in his favor. However, the judgment was appealed and ultimately reversed by the Georgia Supreme Court in *Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442) (1978). The case was tried a second time and once again a verdict and judgment were rendered for Busbin. It is this second judgment from which Georgia Power and the two supervisors appeal.

1. The supervisors claim as error the failure of the trial court to dismiss the slander and wrongful discharge claims against them on the ground of improper venue. This case was originally brought in Clinch County jointly against Georgia Power and the other two defendants alleging libel, slander, wrongful discharge, and conspiracy to commit these acts. Thus, under Code Ann. §§ 2-4304 and 3-204 which allow the joinder of a non-resident with a resident joint-tortfeasor, venue was proper as to the supervisors when the judgment was entered against all defendants jointly. However, on appeal the Supreme Court of Georgia disallowed all claims against Georgia Power except the issue of libel. *Ga. Power Co. v. Busbin,* supra. Since there can be no valid judgment on the issues of slander and wrongful discharge in Clinch County against Georgia Power, which was the resident defendant, venue was improper as to the nonresident defendants on these issues absent a waiver. See *Timberlake Grocery Co. v. Cartwright,* 146 Ga. App. 746 (247 SE2d 567) (1976).

Even though the issues in the present case apparently arose out of the same transactions or occurrences making joinder of the claims preferable under Code Ann. § 81A-118 (a) to avoid a multiplicity of suits and conflicting decisions, the provisions of the Civil Practice Act are not to be construed to extend the venue of actions. Code Ann. § 81A-182. This court is bound by the constitutional and statutory venue provisions; therefore, the separate causes of action for slander and wrongful discharge cannot be brought against two non-resident joint tortfeasors, even though venue was proper in the cause of action for libel against all defendants jointly. *Haley v. C. & S. Nat. Bank,* 141 Ga. App. 13 (232 SE2d 362) (1977); see Ellington, *Trial Practice and Procedure,* 29 Mercer L. Rev. 265, 273 (1977). " 'These venue rules, which often necessitate two or more separate trials conducted in different counties over substantially the same issue, make hollow the promise of the CPA "to secure the just, speedy and inexpensive determination of every action." A constitutional amendment authorizing the legislature to establish more flexible and realistic venue provisions for a state with 159 counties and major metropolitan areas overlapping several county lines is long overdue and badly needed.' " *Haley,* supra at 14 n.1. Since the non-resident defendants

did not waive their objections to venue, that portion of the judgment concerning slander and wrongful discharge must be reversed. In light of our holding in this division it is unnecessary to address enumerations 3, 10, 11, and 12.

2. The audit report compiled by Georgia Power is the writing claimed by Busbin to be libelous. "A libel is a false and malicious defamation of another, expressed in print, or writing . . . tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of a libelous matter is essential to recovery." Code Ann. § 105-701.

A libel is published as soon as it is communicated to any person other than the party libeled. Code Ann. § 105-705. Publication of the audit report was sought to be established by testimony that the general contents of the report were made known at the staff meeting of various employees of Georgia Power and that one employee reported the same to Busbin's wife. Testimony by Busbin indicated that the employee of Georgia Power, who attended the Georgia Power meeting in Waycross and later visited Busbin and his wife at their home, stated to them that the audit of the Georgia Power office in Homerville where Busbin was manager had been "discussed" at the meeting. According to Busbin, two of the things the employee stated that the audit showed were that Busbin and a serviceman from Georgia Power were selling appliances on the side and splitting the money and that there was a misappropriation of company funds.

Appellants urge that Busbin's testimony and that of his wife as to the contents of the employee's statements constituted hearsay and thus should not have been admitted into evidence to show the truth of those statements. Hearsay evidence may generally be described as "any statement, not made under oath in the case on trial, offered to prove the truth of the matter stated." Agnor's Ga. Evid., § 11-1 at 205 (1976). Evidence considered hearsay is not admissible unless it falls under an exception to this rule. One such exception is an admission made by an opposing party. A corporation can only make such admissions through its agents. *Timeplan Loan &c. Corp. v. Moorehead,* 221 Ga. 648 (1) (146 SE2d 748) (1966). Therefore, in order to properly allow into evidence the statement which Busbin testified was made by the Georgia Power employee prior to trial, which is inconsistent with the appellants' position at trial, it must be shown that the employee was "acting within the scope of his employment and about the business of his employer at the time of the conversation." *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (8) (175 SE2d 847) (1970).

The following evidence showed that the employee was within the scope of his employment: the employee worked for Georgia Power

and was driving a company vehicle used only for business purposes when he arrived at Busbin's house in the middle of a work day; the employee's title was "Senior Residential Service Engineer" and his duties with the company generally involved handling customer problems and advising customers of various energy saving methods. The employee's direct testimony indicated that he had attended the Georgia Power meeting at which exceptions to company audits were discussed. Busbin testified that this employee's duties involved "public relations" and that the employee was the first person from the company who discussed with him the reasons for his forced resignation. The foregoing circumstances were sufficient to authorize a jury to infer that the employee's duties were not limited to exclusively dealing with the customers of the company and that he was acting within the scope of his employment even though the employee himself positively testified that what he was doing was outside the scope of his employment. The issue is generally one for the jury. *F. E. Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162 (102 SE2d 667) (1958); *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776 (257 SE2d 186) (1979). We are unable to rule as a matter of law that the employee was not acting in connection with, and within the scope of, his employment. We therefore conclude that the admission of Busbin's testimony, and that of his wife, as to the contents of the employee's extrajudicial statements was not error. *Colbert Co. v. Newsom,* 125 Ga. App. 571 (3) (188 SE2d 266) (1972).

3. Appellants argue that there is no probative evidence that the audit report was read at the meeting and that proof of a reading is necessary to constitute a publication of the libel. The Supreme Court in *Garren v. Southland Corp.,* 235 Ga. 784, 785 (221 SE2d 571) (1976), citing the Restatement, Torts, § 577, stated, " 'In the case of libel there is usually *some act* whereby written or printed words are brought to the attention of a third person.' " The court held that the "oral communication of a written defamation constitute[d] libel." *Garren* at 787.

There is no direct evidence of the reading of the audit report alledgedly containing the defamatory remarks in the present case; however, there is evidence of oral communication. The employee's admission considered previously indicates that the contents of the report were "discussed" with employees in attendance at the Waycross meeting.[1] The employee who prepared the audit disclosed the contents to the employees at the meeting and this information

---

[1] The initial act of the auditor communicating the information in the audit report to general supervisory employees in attendance at the Waycross meeting did not constitute the publication of a libel. *Sigmon v. Womack,* 158 Ga. App. 47 (1) (279

was relayed by one employee to a third party. We deem this act of communicating the material contained in the writing sufficient to constitute the publication of a libel by a corporation because it was shown that (1) the employee was acting within the scope of his employment when publishing such information *(Garren v. Southland Corp.,* supra); (2) the report actually contained the information published; and (3) the writing published was false and constituted a malicious defamation (Code Ann. § 105-701).

Evidence adduced at trial that the employee was acting within the scope of his employment, which allowed the introduction of the extrajudicial statement of the Georgia Power employee, was also sufficient in the present case to indicate that the employee was acting within the scope of his authority when publishing the contents of the audit. Furthermore, for any of the statements made by the employee in the presence of Busbin's wife to have constituted libel, these statements must have been contained in the audit report. Libel is a written defamation. For any oral publication to constitute libel it must be embodied in some written form capable of being read. Code Ann. § 105-701; *Garren v. Southland Corp.,* supra. The testimony of Busbin indicated that his wife was told the audit report showed Busbin and a serviceman were selling appliances on the side and splitting the money. The audit report did not specifically contain such a statement; therefore, the statement by the employee did not constitute the publication of a libel as a matter of law. However, Busbin's testimony indicated that his wife was informed that the audit report showed the misappropriation of company monies. The audit report did not specifically state "Busbin misappropriated money" but did indicate that some money was not reported, stating that "[o]n 4-1-75, a $5.00 reconnection [fee] and a $17.00 payment on customers service account was turned in on collector's report by a meter reader to local manager. The local manager signed the report as receiving the money. The reconnection fee was not reported and the customer's account was credited for $16.97. No overage was shown by the local manager." Therefore, as to this issue, the audit report actually contained the information published, and appellants' argument to the contrary is without merit.

In addition to the requirement that the defamatory words be contained in writing, it is necessary that the words published be false. Code Ann. § 105-708. The evidence presented did not conclusively indicate that Busbin was responsible for the discrepancy concerning

---

SE2d 254) (1981); *LuAllen v. Home Mission Board,* 125 Ga. App. 456 (2) (188 SE2d 138) (1972).

these money items and therefore its truth or falsity was a question of fact for the jury. See *McIntosh v. Williams,* 160 Ga. 461 (2b) (128 SE 672) (1925).

4. Appellants contend that even if there were a publication of libel when the Georgia Power employee talked with Busbin and his wife, there is no evidence that established or implied that the supervisors were responsible or had any connection with a publication of the audit. We disagree.

The evidence indicated that the district and regional supervisors met together to arrange the audit and then met again to discuss the results. This indicated that they actively participated in bringing about the audit report that was published at the meeting in Waycross. Also, the statement in the audit report that "division management made the decision to have someone from the Security Department interview the local manager and serviceman to assure that no other activities were being performed by the local manager or serviceman to defraud the company" is evidence which indicates that these supervisors were actively participating in the audit investigation. Concert of action to establish a civil conspiracy may be shown by circumstantial as well as direct evidence. *Mixon v. Phoenix Landscaping, Inc.,* 136 Ga. App. 344 (221 SE2d 225) (1975). The question of conspiracy and who were parties thereto is solely a question for the jury. *Sheppard v. Post,* 142 Ga. App. 646 (4) (236 SE2d 680) (1977).

5. Appellants argue that the publication of the audit could not have constituted actionable defamation because Busbin invited the statements. Appellants rely on *King v. Masson,* 148 Ga. App. 229 (1) (251 SE2d 107) (1978) and *Beck v. Oden,* 64 Ga. App. 407 (13 SE2d 468) (1941) as authority for this proposition. In the present case the Georgia Power employee claims Busbin wanted to know what he had heard about his situation. There is no evidence that Busbin requested his wife to intercede with the company on his behalf or represent him as was done in the cases cited by appellants. There is no evidence to show that Busbin consented to have defamatory statements published in his wife's presence. This enumeration is without merit.

6. The trial court did not err by instructing the jury concerning venue to the effect that Busbin must have proved that he was entitled to recover from Georgia Power for a libel published in Clinch County before he was entitled to recover from either of the supervisors since neither lived in Clinch County. The trial judge made a correct statement of the law in this case and the instruction was not error. Code Ann. §§ 2-4304 and 3-204.

7. The libelous statements concerning misappropriation of company money are libelous per se and require no proof of special

damages. *Weatherholt v. Howard,* 143 Ga. 41 (4) (84 SE 119) (1915); *Dickey v. Brannon,* 118 Ga. App. 33 (5) (162 SE2d 827) (1968). After consideration of the evidence and record of this case, we are of the opinion that the verdict was not excessive.

8. Georgia Power auditors, during the contacts with various citizens and while conducting the audit, made certain statements which are asserted to be libelous. These statements which were made to citizens are not in the audit report; therefore, even if these statements could be interpreted as defamatory, they may not constitute libel without sufficient proof that they were actually reduced to writing.

9. Evidence was presented that the district supervisor, Moore, met with the local manager of the Jesup office after they both had attended the Waycross meeting at which the audit had been discussed. The manager testified that Moore discussed the Homerville audit with him following the meeting and stated that "they had found some misappropriation of funds. . . ." This discussion would not be considered the publication of a libel if the local manager was considered a "general supervisory employee" under the decision in *Sigmon v. Womack,* supra. While the local manager of the Jesup office did not directly supervise Busbin, his having the same supervisory duties and responsibilities as Busbin gave him a legitimate interest in knowing what type of discrepancies were discovered, and the company a legitimate interest in so informing him. Therefore, this particular incident of communicating the information contained in the audit did not constitute the publication of a libel.

10. After a review of the evidence and record in this case, we find sufficient evidence to support the verdict. No reversible error has been found; therefore, the judgment against Georgia Power and the two supervisors for libel is affirmed. The remaining enumerations of error are without merit.

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Carley, J., concur.*

DECIDED JULY 16, 1981 —
REHEARINGS DENIED JULY 31, 1981.

*Robert L. Pennington, Frederick E. Link, Wade H. Coleman,* for appellants.
*Jack J. Helms, Brooks E. Blitch III,* for appellee.