37979. GEORGIA POWER COMPANY et al. v. BUSBIN.

WELTNER, Justice.

This case appears here for the second time. Busbin originally sued the Georgia Power Company (Georgia Power) and two supervisors, Moore and Cordova, seeking damages for wrongful discharge, conspiracy to procure the discharge, slander and libel. The jury returned a verdict against Georgia Power and one supervisor,

and the Court of Appeals affirmed. *Ga. Power Co. v. Busbin,* 145 Ga. App. 438 (244 SE2d 26) (1978). This court reversed (*Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442) (1978)) and the case was remanded for a new trial. See *Ga. Power Co. v. Busbin,* 149 Ga. App. 274 (254 SE2d 146) (1979) (certiorari denied). On retrial Busbin obtained a jury verdict against all the defendants jointly for libel and against the two supervisors for slander and wrongful discharge. The Court of Appeals reversed that portion of the judgment concerning slander and wrongful discharge, and affirmed the judgment against all three defendants for libel. *Ga. Power Co. v. Busbin,* 159 Ga. App. 416 (283 SE2d 647) (1981). We granted the application for a writ of certiorari filed by Georgia Power to consider (1) whether a paraphrased oral communication of a written defamatory statement constitutes the publication of a libel, and (2) whether the oral communication of the allegedly libelous statement was invited by the party claiming to have been libeled. As we answer the second question in the affirmative we need not address the first.

The facts are fully set out in *Busbin,* supra, 159 Ga. App. 416. Briefly, the libel charge is based on the following circumstances: Georgia Power conducted an audit at the Homerville office, of which Busbin was the local manager. On the basis of the audit, which revealed some discrepancies in the handling of funds at the Homerville office, Busbin was discharged from employment. The results of the audit were reduced to writing. Some weeks later, a Georgia Power staff meeting was held in Waycross, which was attended by another employee of Georgia Power, Hill. Sometime after this meeting, Hill went to Busbin's house, where Busbin was alone with his wife. According to Hill, on this occasion Busbin asked him "some questions about, you know, what [Hill] had heard about [Busbin's] situation." According to Busbin, Hill responded, in the presence of Busbin's wife, that the audit report had been discussed at the staff meeting and that it showed, among other things, "misappropriation of company funds. . . ." There is no evidence to show that Hill actually ever read the audit report.

(1) Assuming, without deciding, that Hill's response was libelous, it is nonetheless not actionable, as there can be no recovery for an invited libel. *King v. Masson,* 148 Ga. App. 229 (1) (251 SE2d 107) (1978); *Beck v. Oden,* 64 Ga. App. 407 (13 SE2d 468) (1941). It is not necessary to a finding of invitation that the one to whom the alleged libel is published acts as the agent of or intercessor for the complainant. *Jackson v. Douglas County &c. Corp.,* 150 Ga. App. 523 (1) (258 SE2d 152) (1979). While Busbin may not have known the precise content of the audit report prior to Hill's visit, he knew that Georgia Power had conducted an audit at the Homerville office,

which involved accounts for which he was responsible. He knew also that he had been discharged. When Busbin asked Hill about his "situation," the question could only relate to the audit and to the circumstances surrounding his discharge, which he must have known were drastically unfavorable. He knew also, of course, of his wife's presence. It is not necessary that the complainant know the exact nature of the libelous matter in order for there to be an invitation of the publication of a libel. Indeed, if the inquirer had foreknowledge of the response, there would be no need for inquiry. It is enough that the complainant requests or consents to the presence of a third party and solicits the publication of matter which he knows or has reasonable cause to suspect will be unfavorable to him. The only rational conclusion to be drawn from the evidence is that Busbin invited the publication to his wife of the allegedly libelous matter.

(2) Busbin contends that the law of the case was fixed by the prior holdings of the Court of Appeals and this court and that we are thus precluded from now holding that there can be no recovery for libel as a matter of law. See Code Ann. § 81A-160 (h); *Medlock v. Allison,* 224 Ga. 648 (164 SE2d 112) (1968).

After the reversal by this court in *Busbin,* supra, 242 Ga. 612, the Court of Appeals held, on cross-appeal by Busbin, that " . . . it became a jury issue as to what was intended by the spoken word as well as what was understood by the various hearers with reference to the special audit." 149 Ga. App. at 275, 276. "Whether there was libel and slander involved in this case under the circumstances in which the special audit was discussed among employees (supervisory and otherwise) after plaintiff was discharged this was a question for determination by the jury." Id. at 277, 278. Georgia Power's petition for a writ of certiorari was denied. See 149 Ga. App. 898.

The case now comes to us after retrial, further review by the Court of Appeals (159 Ga. App. 416) and our grant of Georgia Power's petition for a writ of certiorari. It should be noted that in its most recent opinion the Court of Appeals specifically addressed the issue of invitation, rather than holding that such consideration was precluded under the law of the case. 159 Ga. App. at 421.

Whether or not the holding of the Court of Appeals (149 Ga. App. 274) is the law of the case, nothing precludes consideration of the issue of invitation upon the present appeal, as the record was expanded on retrial to include the circumstances upon which our holding in Division 1 is based. *Walter v. Davidson,* 214 Ga. 187 (2) (104 SE2d 113) (1958); *Fuller v. Fuller,* 213 Ga. 103, 104 (97 SE2d 306) (1957); *Christian v. Allstate Ins. Co.,* 152 Ga. App. 358 (1) (262 SE2d 621) (1979). Only at the second trial of this case did all the circumstances surrounding Hill's conversation with Busbin in the

presence of Busbin's wife come to light. Specifically, there is nothing in the record of the first trial to indicate that Busbin solicited any information from Hill.

*Judgment reversed. All the Justices concur, except Hill, P. J., and Smith, J., who dissent.*

DECIDED MARCH 10, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Robert L. Pennington, Frederick E. Link, Wade H. Coleman,* for appellants.

*Jack J. Helms,* for appellee.

*James E. Butler, Jr., William S. Stone, Conley Ingram, Franklin R. Nix, Scott Jacobson,* amici curiae.

SMITH, Justice, dissenting.

Obviously something is very wrong with our judicial system when it takes us five years and four months (during which time there were two jury trials, denial of one certiorari application, three opinions by the Court of Appeals and two opinions by this court) to decide that as a matter of law Busbin has no cause of action for libel.[1]

1) This case was first decided by the Court of Appeals in March of 1978. *Ga. Power Co. v. Busbin,* 145 Ga. App. 438 (244 SE2d 26) (1978). The trial court's judgment, following a jury verdict of $250,000, was affirmed. The Court of Appeals held, inter alia, that "it became a jury issue as to what was intended by the spoken word as well as what was understood by the various hearers. [Cits.]" Id. at 445. The Court of Appeals noted that Busbin's wife was one of those to whom the contents of the audit report had been reported.

This court granted certiorari. *Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442) (1978). We reversed, but not on the ground that there was insufficient evidence of libel to support a jury verdict. Upon the return of the case, the Court of Appeals took up Busbin's cross-appeal. *Ga. Power Co. v. Busbin,* 149 Ga. App. 274 (254 SE2d 146) (1979). In Division 3 of the opinion, the Court said: "As was stated in *Ga. Power Co. v. Busbin,* 145 Ga. App. 438, 444-445 (10), it became a jury issue as to what was intended by the spoken word as well as what was understood by the various hearers with reference to the special audit.

---

[1] Busbin's complaint was served on appellants September 9, 1975. The case was first tried November 9 and 10, 1976.

"The charge of libel *only remains* against the defendant Georgia Power Company, and wrongful discharge or interference, slander and libel against the other defendants. Therefore, ... [cits.], the trial court erred in refusing to allow the jury to consider the special audit in evidence although its actual contents had already been allowed in evidence." *Ga. Power Co. v. Busbin,* supra, 149 Ga. App. at 275-276. (Emphasis supplied.)

The Court of Appeals went on to say in division nine of the opinion that "[w]hether there was libel and slander involved in this case under the circumstances in which the special audit was discussed among employees (supervisory and otherwise) after plaintiff was discharged ... was a question for determination by the jury. [Cits.]"

From the second opinion by the Court of Appeals, appellants applied for certiorari to this court. We denied certiorari. Thus, the rulings of the second opinion of the Court of Appeals were left undisturbed and became the law of the case. Code Ann. § 81A-160 (h); *Webster v. Star Distributing Co.,* 244 Ga. 844 (262 SE2d 80) (1979); *Tingle v. Harvill,* 230 Ga. 70 (195 SE2d 654) (1973). In its second opinion, the Court of Appeals returned this case to the trial court for a retrial in accordance with the directions contained in its opinion. The trial court did so. Now, for the first time, after having had the opportunity on two previous occasions to disagree with the Court of Appeals on whether or not a jury issue existed as to libel, we hold that as a matter of law there can be no recovery for libel.

If this case were here for the first time, I could not agree that no jury issue exists in this case; I am amazed that this court would allow Busbin to run the gauntlet of two trials, three opinions by the Court of Appeals, and two by this Court, before finally telling him that as a matter of law he has no claim.

The majority says "the record was expanded on retrial." My examination of the record shows the testimony in both trials to have been virtually identical, insofar as it related to libel. The only "expansion" was *one* answer in Hill's testimony that, "Well, as I recall, he was asking some questions about, you know, what I heard about his situation." This answer does not show that Busbin specifically requested the results of the audit, at what point Busbin asked about his situation, or that he was asking for any information except as to his general situation (i.e., was he going to be rehired? Was he going to be demoted? Was he going to be transferred?).

I do not think this is such an "expansion" of the record that we should ignore the previously established law of the case on the basis of the "expansion." If libel had not been in the case, it should have been remanded previously with direction to enter a directed verdict in Georgia Power's favor. Instead, the trial court was expressly

authorized to submit the libel issue to a jury in a second trial. I do not believe the Court of Appeals was incorrect in finding a jury issue on the question of libel and would not now hold to the contrary.

2) Was the libel in this case "invited" as a matter of law? I contend it was not. Hill, characterized by Georgia Power as a "general supervisory employee" when he attended the discussion of the audit report and as a "low level employee" when he visited Busbin, called on Busbin to see how he was doing. According to Hill, Busbin (who was completely in the dark as to what was going on) asked what his situation was. The majority decides that "[w]hen Busbin asked Hill about his 'situation,' the question could only relate to the audit and to the circumstances surrounding his discharge, which he must have known were drastically unfavorable." I submit that this is an unwarranted conclusion on the part of the majority.

*Three* witnesses testified about Hill's visit to the Busbin home. *Only Hill* testified that Busbin had asked Hill about his "situation." Obviously, the jury would have been entitled to disbelieve Hill's testimony and could have concluded that Busbin never asked Hill about his "situation." Moreover, the jury would have been authorized to conclude that the question, if asked, did not relate to the audit and therefore, that the libel was not invited. Finally, the issue of invitation was *not raised* during the trial, nor was it charged to the jury. If appellants wished to rely on a theory of "invited libel" in the appellate courts, I think they should at least have made an issue of it in the trial court. See Code Ann. §§ 38-103 and 38-104.

The cases cited by the majority do not support its contention that invited libel existed as a matter of law in this case. In *King v. Masson,* 148 Ga. App. 229 (251 SE2d 107) (1978), the plaintiff's husband had requested a conference with the defendant for the sole and expressed purpose of discussing alleged accusations made by the defendant. Plaintiff brought her husband to the conference. Plaintiff's husband, the court found, was acting as her agent. In *Beck v. Oden,* 64 Ga. App. 407 (13 SE2d 468) (1941), the plaintiff had sent a friend, acting as his agent, to defendant for the express purpose of determining why plaintiff had not been re-employed. *Jackson v. Douglas County Elec. Membership Corp.,* 150 Ga. App. 523 (1) (258 SE2d 152) (1979), has nothing to do with invited libel. In *Jackson,* the defendant mailed a certified letter to the plaintiff which allegedly contained defamatory remarks. Plaintiff failed to show publication to anyone other than himself.

In this case, Hill visited Busbin at his home. Hill did not come at Busbin's invitation and Busbin had no foreknowledge of Hill's visit. The purpose of the visit was not to discuss any specific charges against Busbin. Busbin's wife was not acting as his agent, and no

question was asked which unequivocally requested the information received.

The majority says invited libel existed as a matter of law. I contend that if the issue was properly raised, a jury question existed and the jury's verdict should not be overturned.

3) Even if the publication at Busbin's residence was invited, a jury issue was presented as to whether or not the libel had been previously published. The evidence was conflicting as to whether Busbin was a "low level employee" or a "general supervisory employee." It was therefore the jury's duty to determine his status and thus whether or not Busbin was libeled at the meeting in Waycross at which the special audit was discussed in Hill's presence.

Where libel is published on two different occasions, that one publication was invited is no bar to recovery for the other. See *King v. Masson,* supra. Therefore, even if I agreed with the majority on invited libel, I would not conclude that Busbin is barred altogether from asserting a libel claim against appellants.

The previous opinions of this court and the Court of Appeals instructed the trial court and the parties how to try this case. These instructions were followed. However, after having five years to "think it over" we now conclude no case exists. I think we were right before and wrong now. I therefore dissent.

I am authorized to state that Presiding Justice Hill joins in this dissent.