A89A0544. SOPHIANOPOULOS v. McCORMICK.
(385 SE2d 719)

BIRDSONG, Judge.

Appellant Sophianopoulos appeals from the grant of summary judgment to appellee McCormick on a complaint for libel. Appellant alleged that McCormick published defamatory statements challenging his professional competence in a letter to the Associate Secretary of the American Association of University Professors ("AAUP"), Mr. Knight. At the time of the alleged libel, the appellant was an associate professor in the Biochemistry Department of the Emory University School of Medicine and the appellee was the Chairman of the Department.

The record shows that the appellant made complaints to officials at Emory University alleging that he was unfairly and improperly being denied the opportunity to teach. He made similar complaints to and sought the assistance of the local and national organizations of the AAUP. In response to a letter from Knight about the dispute, McCormick forwarded letters and memoranda which the appellant contends were libelous. The appellant also contends that sending the letters and memoranda to Knight constituted publication of the libel.

After conducting discovery, McCormick moved for summary judgment contending that there was no publication because appellant invited the sending of the materials. Further, McCormick contended that the materials were not libelous because the materials of which

the appellant complains were statements of opinion. The trial court agreed and granted summary judgment to McCormick.

Appellant asserts that the publication to Knight was not invited because the AAUP's assistance was sought only on procedural matters; and because the alleged libelous materials concerned the appellant's professional competence, he asserts they were libel regardless whether they were matters of opinion. *Held*:

1. Appellant's contentions concerning the nature of the assistance requested of the AAUP is not supported by the record. Indeed, the record, including appellant's deposition, shows that he sought the assistance of the AAUP without limitation on the type of assistance requested. Further, there is no limitation in the law such as appellant alleges. "It is not necessary to a finding of invitation that the one to whom the alleged libel is published acts as the agent of or intercessor for the complainant. [Cit.]" *Ga. Power Co. v. Busbin*, 249 Ga. 180, 181 (289 SE2d 514).

"The decision of the case turns on the question whether or not there was a publication as contemplated by the law, and which is an essential ingredient in an action for [libel]. [Cits.]" *Beck v. Oden*, 64 Ga. App. 407, 411 (13 SE2d 468). To constitute an invited libel " '[i]t is enough that the complainant requests or consents to the presence of a third party and solicits the publication of matter which he knows or has reasonable cause to suspect will be unfavorable to him.' *Ga. Power Co. v. Busbin*, 249 Ga. at 182." *Stone v. Brooks*, 253 Ga. 565-566 (322 SE2d 728). Complainant need not "know the exact nature of the libelous matter in order for there to be an invitation of the publication of a libel." *Ga. Power Co. v. Busbin*, supra at 182.

In this case, appellant sought the assistance of the AAUP in resolving his complaint. From the AAUP's earlier actions on his behalf, he had reasonable cause to suspect the assistance of the AAUP would result in requests for information to Emory officials because he knew that the AAUP earlier had requested information from Emory about his performance. He also knew that the officials in the Biochemistry Department had opinions about his work which were not favorable to him, and, thus, that it was inevitable when the AAUP requested information from McCormick about appellant's teaching status McCormick would respond with information that would be unfavorable to appellant. Thus, under the circumstances of this case, appellant's actions were sufficient to constitute an invited libel because he requested Knight's participation in the proceedings. Accordingly, there was no publication within the meaning of OCGA § 51-5-3. *Stone v. Brooks*, supra; *Ga. Power Co. v. Busbin*, supra; *Jackson v. Douglas County &c. Corp.*, 150 Ga. App. 523, 524 (258 SE2d 152); *King v. Masson*, 148 Ga. App. 229, 230-231 (251 SE2d 107). The trial court properly granted summary judgment to appellee on this basis

since there was no publication of the libel as required by OCGA § 51-5-1 (b). Thus, the first enumeration of error is without merit.

2. As our disposition of the first enumeration of error in Division 1 is sufficient to warrant affirming the grant of summary judgment to appellee, we need not consider the error asserted in the second enumeration.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 5, 1989 —
REHEARING DENIED JULY 31, 1989.

Alkis Sophianopoulos, *pro se.*
Long, Weinberg, Ansley & Wheeler, *Sidney F. Wheeler, J. M. Hudgins IV, T. Jeffery Lehman,* for appellee.