## 24130.   LEATHERS *v.* CONSTITUTION PUBLISHING COMPANY.

DECIDED NOVEMBER 12, 1934.

*A. Walton Nall,* for plaintiff.

*Heyman, Bolding & Heyman,* for defendant.

SUTTON, J.   Plaintiff brought suit for damages on account of the publication of an alleged libelous newspaper article by the defendant.   A demurrer to the petition was overruled, and that judgment was reversed by this court, holding that the newspaper article referred to was not libelous as to the plaintiff.   *Constitution Publishing Co.* v. *Leathers,* 48 *Ga. App.* 429 (172 S. E. 923).   Before the remittitur of this court reached the trial court the plaintiff offered an amendment to his petition, by which he sought to add another count thereto, alleging that the newspaper article referred to was libelous in that it constituted a defamatory imputation against the family to which plaintiff belonged, and plaintiff was therefore entitled to recover on this theory.   The trial judge sustained a demurrer to this amendment and dismissed the same, and to this judgment plaintiff excepts.

The decision of this court that the newspaper article referred to was not a libel in so far as plaintiff was concerned is the law of this case.   It was there ruled that "One who publishes matter concerning a family in its collective capacity, which is so framed as to make defamatory imputations against all members of the family, assumes the risk of its being libelous as to any member thereof because the libel applies to each individual member throughout the class by the use, without *discrimination,* of the collective appellation."   However, this principle of law is not applicable to the newspaper article in question, and this has been adjudicated by this

court in this case; for this court, after stating the above principle of law, distinctly held that where the newspaper article referred to two or more members of such family, one of the members thereof, in order to maintain an action, had to show the application of the language used to himself, and that where such newspaper article states that five members of two families were guilty of certain crimes, and names those persons, the plaintiff not being one of those named, this is such a designation as to exclude from the mind of the readers of the article that the defendant intends to impute such crimes to any persons other than those specifically named in the article. In other words, this court has held in this case that the principle set out in the first headnote of the former decision and quoted above was not applicable to the newspaper article in question, because that article specifically designated and named the persons to whom it was imputing the crimes described therein; and that this newspaper article did not charge the plaintiff with having committed any crime, or impute the commission of any crime to him, nor did such newspaper article make defamatory imputations against plaintiff's family in its collective capacity. Therefore, the amendment offered by the plaintiff did not set up a cause of action against the defendant, the matters therein alleged having been previously passed upon by this court adversely to the plaintiff, and the court did not err in sustaining the general demurrer of the defendant thereto.

As to the right of a plaintiff, where a demurrer to his petition was overruled and on exception to this court the judgment was reversed, to make a proper amendment to his petition when the remittitur was returned to the trial court and before it was made the judgment of that court, see *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.*, 129 *Ga.* 712 (59 S. E. 804).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*