24928. MINDAY v. CONSTITUTION PUBLISHING COMPANY.

DECIDED OCTOBER 28, 1935.

*Louis & Samuel Geffen,* for plaintiff.
*Heyman & Heyman,* for defendant.

JENKINS, P. J. Mike Minday sued the publishing company for general damages, because of the publication in its newspaper of the following alleged libel: "Censor to Cleanse 'Ballyhoo' Contents. Moralists Saturday were successful in their fight to prevent sale in Atlanta of magazines or other periodicals containing printed matter that might be construed as blasphemy or profanity, when counsel for a local news vendor agreed to censor such magazines before permitting them to be placed on sale. The case grew out of the arrest a week ago of Mike Mindey, who operates a Five Points news-stand which among its other periodical offerings offered the satirical magazine known as 'Ballyhoo.' Detective Lieutenant W. H. Andrews, acting on complaint of the Rev. Homer Thompson, Pastor of Trinity Methodist church, charged Mindey with selling 'obscene' and 'profane' reading matter in violation of the city ordinance. Although Mr. Thompson did not appear against the newsdealer Saturday when the case came before Recorder A. W. Callaway, a representative of 'Ballyhoo' was sent to Atlanta from New York, and after a conference with Mindey's attorney it was agreed that no subsequent edition of the periodical

would be placed on sale until it had been censored by Mindey's attorney. On motion of Lieutenant Andrews, Judge Callaway dismissed the charges against Mindey." The petition pleaded that the city ordinance referred to imposed a punishment by fine or imprisonment not exceeding 30 days, or work on the city streets not exceeding 30 days, upon "any person who shall in the City of Atlanta . . exhibit or sell or offer for sale any obscene, vulgar, or licentious book, picture, or painting." It was further alleged that the article imputed that the plaintiff was guilty of a misdemeanor in violation of the State Penal Code of 1910, § 385 (Code of 1933, § 26-6301), in that it charged him with selling obscene and profane reading matter. The petition stated generally that the "defendant imputed to your petitioner that he had committed" both of these alleged offenses, and that the alleged libelous charge was made and published "of and concerning petitioner;" but alleged affirmatively that "he does not operate any news-stand at Five Points and is not connected with said news-stand in any way," that "he was not arrested for offering said magazine for sale, that he never offered any such magazine for sale, and that he had never been charged with selling obscene and profane reading matter in violation of any law, until the publication of said article." The trial court dismissed the petition on general and special demurrers, with the following order: "The headline of the newspaper story as well as the story itself shows that it relates to a named magazine. The person referred to in the story is the seller of the magazine at a designated place. It is true that the name of the person as published in the story is identical with that of the plaintiff. But there is nothing in the story to connect the plaintiff with the magazine or the arrest. If a newspaper had to negative the connection of other persons of the same name with incidents published as related to a particular person, it would not only place an unreasonable burden upon the newspaper, but would constitute a practice objectionable to other persons."

In addition to the reasoning applied by the trial judge in dismissing the petition, while it appears that the name of the plaintiff was almost identical with that named in the publication, the article itself identified the person arrested as a newsdealer who had offered for sale the magazine stated, and who was operating a newsstand in Atlanta at the place known as "Five Points." Although

a specific intent, by one publishing a libel against another, to refer to or injure the latter, is not ordinarily necessary to constitute a cause of action, it is nevertheless true that the public reading a libelous newspaper, or those to whom the libel is uttered, must have understood the words to refer to the plaintiff; and that even where the defamatory matter shows that the name of the person liable is identical with the name of the plaintiff, it must appear from the face of the petition that the plaintiff is the person to whom reference was made. Where this does not appear, or is negatived by the publication itself or by averments in the petition, no cause of action is shown, as a matter of law, even though it is the general rule that the question whether the libelous matter was published of and concerning the plaintiff is a question of fact for the jury. See *Horton* v. *Georgian Co.,* 175 *Ga.* 261 (165 S. E. 443); *Constitution Publishing Co.* v. *Leathers,* 48 *Ga. App.* 429, 431-433 (172 S. E. 923); *Leathers* v. *Constitution Publishing Co.,* 50 *Ga. App.* 137 (177 S. E. 261); Odgers on Libel & Slander, 147; Hanson *v.* Globe Newspaper Co., 159 Mass. 293 (34 N. E. 462, 20 L. R. A. 856); Laudati *v.* Stea, 44 R. I. 303 (117 Atl. 422, 26 A. L. R. 450); Taylor *v.* Hearst, 107 Cal. 262 (40 Pac. 392); 17 R. C. L. 394, § 148, and cit.; 36 C. J. 1159, 1160, §§ 24, 25, and cit. The instant petition charged generally that the libel was published "of and concerning the plaintiff," and his name, except that "Minday" was spelled "Mindey," appears to be the same as that of the person mentioned in the publication. But the statements in the publication and the specific averments that the plaintiff did not operate and was not connected with the news-stand mentioned, and had never offered for sale any such maga-zine, negatived his connection with the publication. The facts so stated would control the mere conclusion of the pleader that the libel was "of and concerning" him. No reference appears in the article, and no other averment appears in the petition, from which it can be assumed that the public knowing the plaintiff could rea-sonably have connected him with the person arrested, or from which it can reasonably be inferred that he was the person men-tioned. There is no allegation, save the similarity of names and the general conclusion of the pleader, that the alleged libel related to the plaintiff; it not being alleged that the plaintiff was en-gaged in the selling of magazines, or that there was no other

person of the name designated conducting such a business at "Five Points." There is no intimation as to how many persons having the name of the plaintiff or a similar name reside in Atlanta. The petition thus failing to state a cause of action, the court did not err in dismissing it on general demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*