40662. TRIANGLE PUBLICATIONS, INC. et al. v. CHUMLEY.
(317 SE2d 534)

SMITH, Justice.

In April 1982 TV Guide Magazine, a weekly publication owned by appellant Triangle Publications, Inc. (Triangle), and the Atlanta Constitution and Atlanta Journal newspapers, owned by appellant Cox Enterprises, Inc. (Cox), printed an advertisement for an upcom-

ing television documentary series on the topic of teenage pregnancies. The advertisement was prepared and submitted for publication by WXIA-TV of Atlanta as a promotion for a special feature of 11 Alive News.[1] The heading of the advertisement, in large, bold letters, reads: "GUESS WHAT LORI FOUND OUT TODAY." The middle portion of the advertisement is a photograph of a diary, lying open on a desktop, and containing the following handwritten entry: "Dear Diary: I found out today that I'm pregnant. What will I do now?" Directly below this diary page is a photograph of a teenaged girl embracing a young man. The bottom one-quarter of the advertisement gives the reader details concerning the upcoming series on teenage pregnancies.

Appellee Libby Sue Chumley filed a complaint alleging that she was the girl pictured in the advertisement and that neither she nor anyone acting in her behalf had authorized use of her picture. She sued appellants for libel and invasion of privacy, claiming that the ad referred to her and implied that she was pregnant. She asserts that she is not and has never been pregnant, nor has she engaged in sexual relations, either with the young man in the photograph or anyone else.

Appellants answered and defended on the grounds that they had made no defamatory statements regarding Chumley; that any such statements were made without malice; that the statements were made in the exercise of due care, as appellants had no duty to verify the accuracy or content of advertisements submitted to them for publication; and that the advertisement concerned a newsworthy topic of public interest, and was protected by the free speech provisions of the federal and state constitutions. Following discovery, Triangle and Cox moved for summary judgment. Citing *Cabaniss v. Hipsley*, 114 Ga. App. 367, 381 (151 SE2d 496) (1966), the trial court granted the motion as to the invasion of privacy count of Chumley's claim.[2] As to the libel count, the judge entered detailed findings of fact and conclusions of law, ruling that appellants could constitutionally be held liable for failure to "exercise ordinary care and caution which every prudent and thoughtful publisher should exercise under the same or similar circumstances . . . ." Triangle and Cox applied to this court for interlocutory review of the order, which was granted. This appeal followed.

1. The main issue on appeal is one of first impression in Georgia: Under what standard of care may a publisher who defames a private figure plaintiff constitutionally be held liable in tort? We agree with the trial court that the applicable standard is ordinary care.

---

[1] WXIA-TV, although named as a defendant in this case, is not a party to this appeal.

[2] Appellee does not challenge the correctness of this ruling on appeal, and we do not address it.

The Code defines libel as "a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). At common law libel was a strict liability tort — that is, it was no defense to a libel action that the publisher acted reasonably or innocently. See Prosser, Handbook of the Law of Torts 771 (4th ed. 1971). However, in 1974 the United States Supreme Court decided Gertz v. Welch, 418 U. S. 323 (94 SC 2997, 41 LE2d 789) (1974) and held that "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual. This approach . . . recognizes the strength of the legitimate state interest in compensating private individuals for wrongful injury to reputation, yet shields the press and broadcast media from the rigors of strict liability for defamation." Id. at 347-48.

In the decade since Gertz was decided, an overwhelming majority of the state courts which have addressed the question have held that a private figure plaintiff may recover for defamation on a showing of negligence on the part of the speaker or writer. A total of 21 states have adopted an ordinary care standard, while only four states follow the "actual malice" approach urged by appellants.[3] We agree with the majority view that a negligence standard for private figure plaintiffs best preserves the balance between free speech interests and protection of the individual's reputation. See Restatement 2d of Torts, § 580 (b) (1972). As the court in Gertz noted, the states have a strong interest in preserving effective suits for defamation on behalf of injured citizens, as private figures characteristically have less effective opportunities for rebuttal than do public officials. 418 U. S. at 344. In addition, the "actual malice" standard has been criticized as conducive to lax investigative procedures and factual errors by the press. See Foster v. Laredo Newspapers, 541 SW2d 809 (Tex. 1976), cert. denied, 429 U. S. 1123 (1977); Comment, Defamation and State Constitutions: The Search for a State Law Based Standard After Gertz, 19 Willamette L. Rev. 665, 672-3 (1983).

At trial of the negligence issue, the standard of conduct required of appellants will be defined by reference to the procedures a reasonable publisher in appellants' position would have employed prior to publishing an advertisement such as this one. Appellants will be held to the skill and experience normally exercised by members of their profession. Custom in the trade is relevant but not controlling. Re-

---

[3] For a compilation of these authorities, see Comment, Defamation and State Constitutions: The Search for a State Law Based Standard After Gertz, 19 Willamette L.Rev. 665, 670, n. 27 (1983).

statement 2d of Torts, § 580 (b), Comment (g) (1972). When applying the ordinary care standard in this case, the jury is authorized to consider, among other factors: (1) whether the material was topical and required prompt publication, or whether sufficient time was available for a thorough investigation of its contents; (2) the newsworthiness of the material and public interest in promoting its publication; (3) the extent of damage to the plaintiff's reputation should the publication prove to be false; id. and (4) the reliability and trustworthiness of the source. The thoroughness of the accuracy check a reasonable person would make before publishing a defamatory statement will vary, depending on the relative weight of these factors and the circumstances of the case. The Restatement factors have been successfully applied by various courts. See, e.g., Memphis Publishing Co. v. Nichols, 569 SW2d 412 (Tenn. 1978); Troman v. Wood, 62 Ill.2d 184 (340 NE2d 292) (1976).

Here an employee of appellant Cox stated in an affidavit that the newspaper uses a procedure to screen advertisements submitted for publication in which certain suspect categories of advertisements are carefully scrutinized for accuracy and content. Under this procedure, however, newspaper employees did not identify the advertisement in question as belonging to a suspect category; therefore, a close check was never performed on the advertisement. An employee of Triangle likewise stated in an affidavit that his publication performed no screening of the advertisement for defamatory content. He testified that, because of time and staffing limitations, Triangle relies on the reputation of submitting advertisers such as WXIA-TV and screens submitted advertisements only to ensure they are of good printable quality and are not obscene or in poor taste. Given this testimony, there was sufficient evidence to create a jury issue as to the reasonableness of appellants' screening procedures. Appellants' motion for summary judgment was properly denied.

2. Appellants further contend that, regardless of the standard of care applicable to their conduct in this case, the advertisement was not "of and concerning" Miss Chumley, and therefore was not libelous as a matter of law. See *Minday v. Constitution Publishing Co.*, 52 Ga. App. 51, 53 (182 SE 53) (1935). They base this position on the fact that Miss Chumley's name is Libby Sue, not "Lori" as used in the ad, and the fact that the photograph of appellee itself is not offensive, but depicts two wholesome, smiling young people. This argument is clearly without merit.

Because of the bold print of the advertisement and the strategic placement of appellee's picture, a jury could reasonably interpret the photograph as depicting Miss Chumley as "Lori," a pregnant teenager. The trial court correctly denied summary judgment on this point. "Where the only possible construction is that the words are

libelous per se, upon proof thereof the only remaining question for the jury is that of damages; *in other cases the question of whether the words, used in the signification and in view of the extrinsic circumstances alleged, constitute libel, will remain a jury question."* (Emphasis supplied.) *Floyd v. Atlanta Newspapers, Inc.*, 102 Ga. App. 840, 842 (117 SE2d 906) (1960).

Appellants' contention that the advertisement did not "make substantial danger to [appellee's] reputation apparent," *Gertz v. Welch*, 418 U. S., supra at 348, is likewise without merit.

3. Finally appellants argue that they were entitled to rely on an advertisement prepared and submitted by WXIA-TV, a duly licensed television station, and are not responsible for any factual errors or defamatory matter contained therein. We disagree. In light of our disposition of the issues in Division 1, supra, this enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984 — REHEARINGS DENIED JULY 18, 1984.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., James C. Rawls, V. Robert Denham, Jr.*, for appellants.
*Adkins & Robertson, Morgan M. Robertson*, for appellee.