## 41042. STONE et al. v. BROOKS.
### (322 SE2d 728)

BELL, Justice.

We granted certiorari to consider the entire opinion of the Court of Appeals, *Brooks v. Stone,* 170 Ga. App. 457 (317 SE2d 277) (1984). After plenary review of the case, however, we find that only one issue, the question of invited libel, requires comment.[1]

Although the Court of Appeals properly analyzed the applicability of the doctrine of provoked or invited libel to the present case, the court prefaced this analysis with the mistaken observation that the doctrine has not previously been applied in Georgia. The court apparently overlooked several cases which hold that an individual cannot recover for invited libel in Georgia. *Ga. Power Co. v. Busbin,* 249 Ga. 180, 182 (289 SE2d 514) (1982); *Auer v. Black,* 163 Ga. App. 787, 789 (294 SE2d 616) (1982); *King v. Masson,* 148 Ga. App. 229, 230 (251 SE2d 107) (1978); *Beck v. Oden,* 64 Ga. App. 407, 411 (13 SE2d 468) (1941). According to Georgia law, "[i]t is not necessary that the complainant know the exact nature of the libelous matter in order for there to be an invitation of the publication of a libel. Indeed, if the inquirer had foreknowledge of the response, there would be no need for inquiry. It is enough that the complainant requests or consents to the presence of a third party and solicits the publication of matter

---

[1] Although contested by defendants, we find no error in the Court of Appeals' cite to *Southeastern Newspapers v. Walker,* 76 Ga. App. 57 (44 SE2d 697) (1947). That case was referred to regarding the problem of determining whether a communication is defamatory vel non, see Prosser, Handbook of the Law of Torts 780-783 (5th ed. 1984); 3 Restatement of Torts 2d, § 563 (1977), and not regarding the distinct issue of the standard of liability to be imposed upon a defamation defendant, see Gertz v. Robert Welch, Inc., 418 U. S. 323 (94 SC 2997, 41 LE2d 789) (1974); *Triangle Publications v. Chumley,* 253 Ga. 179 (317 SE2d 534) (1984); Prosser, supra, at 802-810; 3 Restatement of Torts 2d, supra, §§ 580A, 580B. In the instant case the latter issue was neither raised before the Court of Appeals nor addressed by it. For the appropriate standard of conduct in Georgia, see *Triangle Publications v. Chumley,* supra.

which he knows or has reasonable cause to suspect will be unfavorable to him." *Ga. Power Co. v. Busbin*, 249 Ga. at 182.

The Court of Appeals reached the same result on this issue as that required by the application of Georgia case law, and we therefore affirm.

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 27, 1984.

*Hull, Towill, Norman & Barrett, David E. Hudson, N. Gail Duffie,* for appellants.

*Victor Hawk, William J. Sussman,* for appellee.