A92A1658. SPEEDWAY GRADING CORPORATION
v. GARDNER.
(425 SE2d 676)

SOGNIER, Chief Judge.

Speedway Grading Corporation brought an action for libel and slander against the Reverend Warren Gardner. The trial court granted Gardner's motion for summary judgment, and Speedway appeals.

Appellant operates a private sanitary landfill in Barrow County pursuant to a permit issued by the Environmental Protection Divi-

sion ("EPD") of the Georgia Department of Natural Resources ("DNR"). Appellee, who resides near the landfill, has acknowledged that he has long been concerned about the presence of the landfill and the safety of its operations. During the period of time relevant to this action, appellant had pending before EPD a request for a permit to expand the landfill. In December 1990, appellant held a public hearing required as part of the application process, and appellee was one of a number of citizens who spoke in opposition to the grant of the expansion permit. Appellee subsequently was invited to a meeting of citizens opposed to the permit and became involved with a loosely organized group known as Citizens Against Pollution ("CAP").

On January 24, 1991, appellee wrote a letter to Joe Tanner, DNR Commissioner, expressing his concerns over the operation and expansion of the landfill and requesting the Commissioner to investigate the questions appellee raised about the legality and propriety of appellant's operations. At the same time, appellee wrote EPD to request that the water in the creek and lake downstream of the landfill be tested for contaminants before any expansion was permitted. Appellee also distributed to various persons copies of two documents: (1) a report of laboratory tests made on water samples taken by another concerned citizen, which indicated that the level of arsenic in the sample taken downstream of the landfill exceeded that of the upstream sample; and (2) a summary appellee prepared of the history of the landfill's operations, prior citations issued by EPD, and his concerns about its continued operation. In addition, at a county commission meeting appellee presented three motions concerning the pending permit application, and the commission passed a nonbinding resolution opposing the issuance of the expansion permit.

Appellant alleged in its complaint that appellee intentionally published false statements that appellant's operations had contaminated a creek with arsenic and that appellant had, through the making of a campaign contribution, improperly influenced a judge to rule in its favor in an unrelated lawsuit concerning the validity of its permit. In response to appellee's discovery requests, appellant identified the written and oral communications of appellee it contended were defamatory and the persons to whom the statements were communicated. Appellee then filed these communications in support of his motion for summary judgment made on the ground that the statements were not defamatory. Appellant contends that the grant of summary judgment was error because the question whether appellee implied or "insinuated" false charges on these two topics must be decided by a jury. We disagree and affirm.

"[L]ibel is a false and malicious defamation of another, expressed in print [or] writing . . . tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule" and pub-

lished to another. OCGA § 51-5-1. Slander is defined as, inter alia, "[m]aking charges against another in reference to his trade . . . calculated to injure him therein" or "[u]ttering any disparaging words productive of special damage which flows naturally therefrom." OCGA § 51-5-4 (a) (3), (4). To be actionable, a communication must be both false and malicious, *Williams v. Trust Co.*, 140 Ga. App. 49, 50 (230 SE2d 45) (1976), and the truth of the statement may be proved in justification. Id.; see OCGA § 51-5-6. Although as a general rule the question whether a particular communication is defamatory is for the jury, if the statement is not ambiguous and reasonably can have only one interpretation, the question of defamation is one of law for the court. *Southern Business Machines v. Norwest Fin. Leasing*, 194 Ga. App. 253, 259 (4) (390 SE2d 402) (1990).

1. With regard to the chemical testing of the creek water, appellee stated only that the tests had been performed and quoted the results reported by the laboratory. He did not misstate or mischaracterize the results, and he never attributed any contamination to appellant. Instead, he merely described the locations where the samples had been taken and requested further testing by appropriate governmental bodies to ascertain the source of the contamination. Indeed, when a newspaper article indicated appellee had accused appellant of contamination, he demanded and received a retraction because, as he explained, he had never stated that appellant was in fact the source of the elevated arsenic levels. Considering these writings as a whole and in the eyes of the average reader and avoiding any strained construction of their contents, id. at 259-260 (4), we conclude that as a matter of law the writings were not libelous. See generally id.

Appellee also submitted affidavits of each person identified by appellant as having heard or received the alleged defamatory communications, and each person denied having been informed by appellee that appellant had contaminated the creek or any other waterways. Appellant has submitted no evidence to controvert these affidavits. When a defendant who will not bear the burden of proof at trial moves for summary judgment and identifies evidence in the record or submits affidavits, depositions, or other documents that demonstrate "an absence of evidence to support the nonmoving party's case . . . the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue" or suffer judgment against it. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Since appellee met his burden of rebutting appellant's allegations of libel and slander and appellant failed to produce any specific evidence in response, appellee was entitled to summary judgment on the claim concerning the statements about arsenic contamination. See id.

2. Appellee's comments concerning appellant's possible influence of the judge were made in the letter to Tanner and in the summary appellee apparently distributed to several members of CAP. In these documents, appellee first noted the campaign contribution, which had been disclosed in the judge's campaign finance reports, and then questioned rhetorically whether the receipt of that contribution had influenced the judge to look favorably upon appellant's position in the prior litigation. We agree with appellant that these writings, considered in the context in which they were made, could be construed to infer that appellant committed bribery. However, if these communications were privileged under OCGA § 51-5-7, recovery by appellant would be barred absent proof of actual malice. OCGA § 51-5-5; *Cohen v. Hartlage*, 179 Ga. App. 847, 849 (348 SE2d 331) (1986). Although the questions of privilege and malice are generally for the jury, complete privilege may be established as a matter of law if good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons are shown. Id.

"Statements made with a good faith intent on the part of the speaker to protect his interest in a matter in which [he] is concerned" are deemed privileged. OCGA § 51-5-7 (3). Given that appellee resides near the landfill and that it is sited on public waterways, its operations materially affect him and other members of the community, giving him an "interest in a matter in which [he] is concerned." Appellee certainly has the right under the free speech clauses of the federal and state constitutions to object to the grant or extension of the landfill permit. Accordingly, good faith statements made in the furtherance of that goal fall within the privilege set forth in OCGA § 51-5-7 (3).

The record shows that appellee published the statements in question only to Tanner, the public official charged with granting or denying appellant's permit application, and to his fellow citizen protestors, and only in the context of raising his objection to the grant of the permit because of appellant's prior violations and appellee's concern about water quality. This evidence establishes that the communications were properly limited in scope and published upon proper occasion to proper persons. See generally *Thomas v. Hillson*, 184 Ga. App. 302 (361 SE2d 278) (1987). Moreover, appellee has asserted his good faith intentions and has denied any malicious intent, stating that his goal was limited to protection of his property and the quality of the water in the public waterway. Appellant has presented no direct evidence to rebut that testimony, and our review of the evidence from which appellant contends an inference of malice can be drawn finds no support for that argument. See generally *Cohen*, supra at 850-851. Since appellee has presented evidence of each element necessary to establish complete privilege and has denied malice, and appellant has

presented no evidence to permit an inference (rather than speculation) of malice, appellee was entitled to summary judgment as a matter of law. See id. at 852; see also *Thomas*, supra at 304.

*Judgment affirmed. McMurray, P. J., and Cooper, J. concur.*

DECIDED NOVEMBER 23, 1992.

*Cook, Noell, Tolley & Aldridge, Dan H. Aldridge, Jr.*, for appellant.

*Russell, Adamson & Stell, John E. Stell, Jr.*, for appellee.

*Hollie Manheimer, Gerald R. Weber*, amici curiae.